IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE : OHIO VALLEY UNIVERSITY ) | Chapter 7 |
| ) | |
| ) | Case No. 5:22-bk-00056 |
| **Debtor** ) | |
| ) | |
| _____ ) | |
| ) | |
| **UNITED BANK,** ) | |
| ) | |
| **Movant** ) | |
| ) | |
| v. ) | |
| ) | |
| **OHIO VALLEY UNIVERSITY** ) | |
| ) | |
| and ) | |
| ) | |
| **THOMAS H. FLUHARTY,** ) | |
| ) | |
| **Chapter 7 Trustee,** ) | |
| ) | |
| **Respondents** ) | |
| ) | |
| _____ ) | |

**MOTION OF UNITED BANK
FOR RELIEF FROM AUTOMATIC STAY**

COMES NOW United Bank ("United"), a secured creditor in this case, and moves this Court pursuant to sections 553(a) and 362(d) of the *Bankruptcy Code* and Rules 9014 and 4001 of the *Federal Rules of Bankruptcy Procedure* for relief from the automatic stay.  In support of this motion, United shows the Court as follows:

**I.**

**Jurisdiction and Procedural Background**

1.   This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334.

2.     On February 17, 2022 (the "Petition Date"), Ohio Valley University ("OVU" or the "Debtor"), filed a voluntary petition pursuant to chapter 7 of Title 11 of the United States Code (the "*Bankruptcy Code*").

3.     Thomas H. Fluharty is the duly appointed chapter 7 trustee (the "Trustee").

## II.

## Factual Background

4.     The Debtor maintains certain deposit accounts at United, specifically denoted as (i) business checking account, Account No. *8859, (ii) business checking account, Account No. *0114, (iii) business checking account, Account No. *1963, (iv) business checking account, Account No. *9343, and business checking account, Account No. *5893 (collectively, the "Business Checking Accounts").

5.     Prior to the Petition Date, the aggregate balance in the Business Checking Accounts was $163,703.98.

6.     The Debtor also maintains a money market account (Account No. *6667) at United, which, as of February 8, 2022, had a balance of $14,229.19 (the "Money Market Account"). The Business Checking Accounts and the Money Market Account are collectively referred to herein as the "Deposit Accounts."

7.     United extended credit to OVU based on a line of credit note dated July 29, 2008, in the original principal amount of $200,000.00, as amended and modified (the "Line of Credit Note"). A true and accurate copy of the Line of Credit Note is attached hereto as Exhibit "A."

8.     In connection with the Line of Credit Note, OVU executed a Business Loan Agreement dated July 8, 2014 (the "Loan Agreement"). A true and accurate copy of the Loan Agreement is attached hereto as Exhibit "B."

9. The indebtedness due and owing under the terms of the Line of Credit Note as of the Petition Date was $203,339.80, plus costs of collection (the "Line of Credit Indebtedness").

10. Both the Line of Credit Note and the Loan Agreement contain language authorizing United, in the event of a default, to exercise a right of setoff of any OVU bank accounts held at United against the Line of Credit Indebtedness.

11. As referenced in the Line of Credit Note, pursuant to among other things, that certain Credit Line Deed of Trust, Security Agreement and Fixture Filing dated August 31, 2007, as amended and modified (the "Deed of Trust and Security Agreement"), the Line of Credit Indebtedness is secured by certain collateral, including the Deposit Accounts. A true and accurate copy of the Deed of Trust and Security Agreement is attached hereto as Exhibit "C."

12. OVU failed to timely make payments to United pursuant to the terms of the Line of Credit Note and has been and remains in default under the terms of the Line of Credit Note.

13. Pursuant to WV Code §46-9-312(b)(1), a security interest in a deposit account may be perfected only by control as set forth in section 9-314 of the Uniform Commercial Code. WV Code §46-9-314(a), states that a security interest in deposit accounts is perfected by control as described under section 9-104 of the Uniform Commercial Code. WV Code §46-9-104(a)(1) states that a secured party has control of a deposit account if the secured party is the bank with which the deposit account is maintained.

14. Because United is the bank at which the Deposit Accounts are maintained, United has a perfected interest therein.

15. As a result of the mutual obligations due and owing between United and the Debtor, United had, prior to the Petition Date and pursuant to section 553(a) of the *Bankruptcy Code*, the

right, as a secured creditor with a security interest in the Deposit Accounts, to exercise its right of setoff.

16. Prior to the Petition Date, United placed an administrative hold on the Business Checking Accounts, pending the exercise of its right of setoff, which right was stayed pursuant to the filing of this case. United placed an administrative hold on the Money Market Account after the Petition Date. The hold on the Deposit Accounts has remained in place pending resolution of this Motion.

### III.

### Argument

A. **United Bank is Entitled to Exercise its Right of Setoff Pursuant to Section 553(a) of the Bankruptcy Code.**

17. Section 553(a) of the *Bankruptcy Code* states that, except as otherwise provided in sections 362 and 363 of the *Bankruptcy Code*, the filing of a bankruptcy case does not affect the right of a creditor to offset a mutual debt owing by such creditor to a debtor that arose before the commencement of the case.

18. Exceptions to this right of setoff arise if the claim of the creditor is disallowed or the claim on which the creditor is basing the offset was transferred to the creditor after commencement of the case or within ninety (90) days of the filing of the petition and while the debtor was insolvent.

19. The obligation of the Debtor to United existed well beyond ninety (90) days prior to the Petition Date and such claim was not transferred to United.

20. United has filed its proof of claim [Claim No. 1] with respect to the Line of Credit Indebtedness. Pursuant to section 502 of the *Bankruptcy Code*, such claim is deemed allowed, unless a party in interest objects.

21. A mutual debt existed prior to the Petition date as between United and the Debtor, which results in United having a right of setoff pursuant to section 553(a) of the *Bankruptcy Code*.

22. Pursuant to section 362(a)(7) of the *Bankruptcy Code*, a creditor is stayed from exercising its right of setoff of any debt that arose prior to commencement of a bankruptcy case with respect to a claim against a debtor.

### B. The Automatic Stay Should Be Terminated Pursuant to Section 362(d)(1) of the Bankruptcy Code.

23. Cause exists to terminate the stay pursuant to section 362(d)(1) of the *Bankruptcy Code* to allow United to exercise its right of setoff.

24. The funds in the Deposit Accounts constitute cash collateral as that term is defined under section 363 of the *Bankruptcy Code*.

25. A trustee may not use cash collateral unless the business of the debtor is authorized to operate and such entity that has an interest in such cash collateral consents or the court, after notice and a hearing, authorizes such use.

26. In order for a court to authorize use of cash collateral, the entity asserting an interest in the cash collateral is entitled to adequate protection.

27. This case was filed as a no asset case. There is no authority for the Trustee to operate the business of the Debtor. Upon information and belief, the Trustee has no intention to operate the Debtor's business and, even that were not the case, the Trustee has no ability to provide adequate protection for use of any funds in the Deposit Accounts.

28. Moreover, the existence of the right of setoff in and of itself constitutes sufficient "cause" to grant stay relief to permit setoff of mutual, prepetition debts. See In re Nuclear Imaging Sys., Inc., 260 B.R. 724, 730 (Bankr. E.D. Pa. 2000); In re Warwick, 179 B.R. 582, 584 (Bankr. W.D. Ark. 1995). Upon demonstrating a right to setoff, a creditor has established a prima facie

showing of cause for stay relief under section 362(d)(1) of the Bankruptcy Code. See In re Ealy, 392 B.R. 408, 414 (Bankr. E.D. Ark. 2008); United States v. Orlinski (In re Orlinski), 140 B.R. 600, 603 (Bankr. S.D. Ga. 1991); In re Flanagan Bros., Inc., 47 B.R. 299, 303 (Bankr. D.N.J. 1985). Any objecting party bears the burden to rebut the prima facie showing. See Szymanski v. Wachovia Bank, N.A. (In re Szymanski), 413 B.R. 232, 243 (Bankr. E.D. Pa. 2009).

29. As a result of the foregoing, cause exists to grant United relief from stay pursuant to section 362(d)(1) of the *Bankruptcy Code* to allow it to exercise its right of setoff.

30. Pursuant to section 362(d) of the *Bankruptcy Code*, the court shall grant relief from stay where cause pursuant to section 362(d)(1) of the *Bankruptcy Code* is established.

    **C.** **The Automatic Stay Should Be Terminated Pursuant to Section 362(d)(2) of the Bankruptcy Code.**

31. Cause exists to terminate the stay pursuant to section 362(d)(2) of the *Bankruptcy Code* to allow United to exercise its right of setoff.

32. The aggregate amount in the Deposit Accounts is less than the Line of Credit Indebtedness. As a result, there is no equity in the funds in the Deposit Accounts.

33. This is a chapter 7 case and therefore, there is no reorganization. As a result, the funds in the Deposit Accounts are not necessary to an effective reorganization.

34. As a result of the foregoing, United is entitled to relief from stay pursuant to section 362(d)(2) of the *Bankruptcy Code* to allow it to exercise its right of setoff.

35. Pursuant to section 362(d) of the *Bankruptcy Code*, the court shall grant relief from stay where cause pursuant to section 362(d)(2) of the *Bankruptcy Code* is established.

**WHEREFORE**, United Bank respectfully requests, pursuant to sections 362(d)(1), 362(d)(2) and 553(a) of the *Bankruptcy Code,* the Court terminate the automatic stay under section

362(a)(7) of the *Bankruptcy Code* to allow United to exercise its setoff rights with respect to the Deposit Accounts and grant such other and further relief as the Court deems just and proper.

                **UNITED BANK**

                **By Spilman Thomas & Battle, PLLC**

            /s/ *Angela L. Beblo*
            Angela L. Beblo (WV Bar No. 10345)
            300 Kanawha Boulevard, East (ZIP 25301)
            Post Office Box 273
            Charleston, WV 25321-0273
            304.340.3800 / 304.340.3801 (*facsimile*)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE : OHIO VALLEY UNIVERSITY | Chapter 7 |
| **Debtor** | Case No. 5:22-bk-00056 |
| UNITED BANK, | |
| **Movant** | |
| v. | |
| OHIO VALLEY UNIVERSITY | |
| and | |
| THOMAS H. FLUHARTY, | |
| **Chapter 7 Trustee,** | |
| **Respondents** | |

**CERTIFICATE OF SERVICE**

I, Angela L. Beblo, counsel for United Bank, do hereby certify that a copy of the foregoing **Motion of United Bank for Relief from Automatic Stay** has been served upon all creditors listed on the mailing matrix on file in the Bankruptcy Clerk's office as of February 24, 2022, as set forth in Rule 9013-1 of the Local Bankruptcy Rules for the Northern District of West Virginia.

*/s/ Angela L. Beblo*
Angela L. Beblo (WV Bar No. 10345)