**Order Entered.**

David L. Bissett
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF WEST VIRGINIA

In re: ) Case No. 5:22-bk-00056
)
Ohio Valley University, Inc., ) **Agreed Order Modifying the Automatic**
) **Stay**
Debtor. )
)
)

  This case is before the Court on the motion of UMB Bank, N.A., in its capacity as successor master trustee (the "Master Trustee") under that certain Master Trust Indenture dated as of August 31, 2007 (the "Master Indenture") seeking relief from the automatic stay imposed by 11 U.S.C. § 362(a), with the consent of the debtor, Ohio Valley University, and the duly appointed chapter 7 trustee, Thomas H. Fluharty (the "Bankruptcy Trustee"). The Court, having reviewed the motion, and the record, the Court finds that grounds exist under 11 U.S.C. § 362(d) to warrant the requested relief.

  **IT IS ADJUDGED AND ORDERED:**

1. The Master Trustee's motion for relief from stay is **GRANTED**.

2. The automatic stay imposed by 11 U.S.C. § 362(a) is terminated such that the Trustee may proceed to exercise its rights and remedies under applicable non-bankruptcy law with respect to the following property:

a. The real property commonly known as Ohio Valley University located at 1 Campus View Drive, Vienna, WV 26105, and defined as the "Campus Real Property" in the Trustee's motion pursuant to that certain Credit Line Deed of Trust, Security Agreement and Fixture Filing dated as of August 31, 2007, recorded with the Clerk of the County Commission of Wood County in Trust Deed Book 1449, at page 70, and legally described on **Exhibit A** attached hereto.

b. The real property defined as the "Coal Reserves" in the Trustee's motion pursuant to that certain Deed of Trust and Assignment of Rents and Leases dated as of August 31, 2007, recorded with the Clerk of the County Commission of Marshall County in Book 809 on page 469, and legally described on **Exhibit B** attached hereto.

c. The personal property defined as the "Campus Personal Property" in the Trustee's motion consisting of the following[1]:

   i. All of Ohio Valley University, Inc.'s Gross Receipts, Accounts, Bank Accounts, General Intangibles and all Related Rights, as each term is defined in that certain Master Trust Indenture dated effective as of August 31, 2007 (as supplemented, the "Master Indenture"), by and between United Bank, as the prior master trustee, and Ohio Valley University, Inc.;

   ii. All moneys and securities held under the Master Indenture, including, without limitation, moneys and securities held in the funds and accounts established under the Master Indenture; and

   iii. All proceeds, cash proceeds, cash equivalents, products, replacements,

---

[1] But not including property transferred to the Ohio Valley University Windup Trust prior to filing.

additions, and improvements to, substitutions for, and accession of the foregoing.

    d.   The personal property defined as the "Assignment Personal Property" in the Trustee's motion consisting of the following:

        i.   As-extracted collateral, inventory, general intangibles, supporting obligations, and the right to payment of revenue with respect to certain coal rights as further described in that certain Assignment of Payment Rights Agreement dated June 7, 202, and that certain Security Agreement dated June 7, 2021, both executed by Ohio Valley University, Inc.

3.   For the avoidance of doubt, the Campus Personal Property includes, without limitation, that certain Purchase Money Note in the original principal amount of $750,000.00, dated January 1, 2007, due and payable to Ohio Valley University, Inc., on January 1, 2022, and executed by Parkersburg Powell Limited Partnership, as amended by that certain Amended and Restated Purchase Money Note in the original principal amount of $750,000.00, dated December 1, 2007, due and payable to Ohio Valley University, Inc., on March 31, 2038, and any documents related thereto.

4.   Notwithstanding Fed. R. Bankr. P. 4001(a)(3), this order is effective immediately.

_____

*In accordance with N.D.W. Va. LBR 5005-6(c), the non-filing parties have authorized the filer to submit this document with their electronic signature.*

APPROVED FOR ENTRY:

**BANKRUPTCY TRUSTEE**

_/s/ Thomas H. Fluharty_
Thomas H. Fluharty, Esquire (WV State Bar #1231)
Law Offices of Thomas H. Fluharty
408 Lee Ave.
Clarksburg, WV  26301
Phone: (304) 624-7832
Fax: (304) 622-7649

**COUNSEL FOR DEBTOR**

/s/ Martin P. Sheehan
Martin P. Sheehan, Esquire (WV State Bar #4812)
Sheehan & Associates, PLLC
1 Community St., Suite 200
Wheeling, WV 26003
Phone: (304) 232-1064
Fax: (304) 232-1066

**COUNSEL FOR MOVANT/MASTER TRUSTEE**

/s/ Shawn P. George
Shawn P. George, Esquire (WV State Bar # 1370)
Jennie O. Ferretti, Esquire (WV State Bar # 1189)
George & Lorensen, PLLC
1526 Kanawha Blvd., East
Charleston, WV 25311
PH: (304) 343-5555/Fax: (304) 342-2513
sgeorge@gandllaw.com
jferretti@gandllaw.com

and

Charles E. Nelson (*pro hac vice forthcoming*)
nelsonc@ballardspahr.com
**BALLARD SPAHR LLP**
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: 612.371.3211
Facsimile: 612.371.3207

BOOK 1449 PAGE 71

**CAMPUS REAL PROPERTY**



### LEGAL DESCRIPTION - SOUTH CAMPUS

All those certain tracts or parcels of land situate in Parkersburg District, Wood County, West Virginia and being more particularly described as follows:

First Tract: Beginning at a stake at the southeast corner of the tract herein conveyed, which said stake is at the intersection of lands now or formerly owned by Graham Packing Company and Nesselrotte; thence N. 62°17' W. 247.7 feet to the center line of Jug Run Road; thence continuing N. 62°17' W. 2548.66 feet to a stake; thence N. 27°47' E. 890 feet to a stake; thence S. 60°37' E. 2566.93 feet to a stake; thence S. 12 W. 361.28 feet to the center line of said Jug Run Road; thence continuing S. 12° W. 485.72 feet to the place of beginning, containing 52.37 acres, more or less.

There is **excepted** therefrom a parcel heretofore conveyed to the State Road Commission by Deed of record in the Wood County Clerk's office in Deed Book No. 492, at page 362.

Second Tract: Beginning at the southeast corner of Chestnut Street and Charlotte Avenue, thence with the southerly line of Charlotte Avenue easterly 80 feet to a point on same; thence at right angles in a northeasterly direction across Charlotte Avenue and with the easterly line of Lots Nos. 87 and 106 of Andrews Addition to the northerly line of Forrest Avenue 490 feet; thence at right angles westerly with the northerly line of Forrest Avenue 50 feet, more or less, to a fence in the line of the Wentz property; thence with the easterly line of the Wentz property northerly 360 feet, more or less, to a point in the easterly line of Franklin Avenue and the southerly line of a tract heretofore conveyed by the Brookside Development Company to J. N. Boice by Deed dated July 16, 1931, and of record in the aforesaid Clerk's office in Deed Book No. 205, at page 126; thence S. 63°56' E. 1445 feet, more or less, to a point in the easterly line of said property; thence at right angles, southwesterly 429 feet to a point; thence at right angles northwesterly 145 feet to a point; thence S. 27°30' W. 951.8 feet to a point; thence southerly 330 feet to the northerly line of the property now owned by Roth; thence with the Roth line N. 63°15' W. 600 feet, more or less, to a stake in the easterly line of Lot No. 365; thence with the easterly line of Lots Nos. 365, 364, 363, 362, 361 and 360 in a northerly direction 713 feet, more or less, to a stake in the southeasterly corner of Lot No. 359; thence with the common line of Lots Nos. 359 and 360 across Edgewood Drive South and with the southerly line of Lots Nos. 372, 69, 68, 67, 578 feet, more or less, to Chestnut Street; thence with the easterly line of Chestnut Street northerly 155 feet to Charlotte Avenue, the place of beginning, containing forty (40) acres, more or less, together with all the right, title and interest of the parties to all of the intervening streets and 5 feet and 15 feet strips reserved, as indicated on a map of said property.

There is hereby **excepted** from this conveyance those certain parcels of real estate heretofore conveyed to other parties as follows: (1) A parcel of approximately four (4) acres to the Board of Education of the County of Wood, by Deed dated January 25, 1954, of record in the aforesaid Clerk's office in Deed Book No. 374, at page 133, and (2) Those certain lots known and numbered as Lots 67, 68, 69 and 372.

There is further **excepted** from this conveyance two parcels heretofore conveyed by the party of the first part to Ohio Valley College Investment Corporation, Inc., as follows: (1)

BOOK 1449 PAGE 72

11.76 acres by Deed dated January 4, 1973, recorded in Deed Book No. 616, at page 403 (included in said 11.76 acres is a smaller parcel measuring 59.2 feet by 146 feet conveyed to the party of the first part by Deed recorded in Deed Book No. 426, at page 296). (2) 5.82 acres by Deed dated January 4, 1973, and recorded in Deed Book No. 616, at page 406.

Third Tract:  Being all of Lot No. Ten (10), containing four (4) acres and eighty (80) poles; Lot No. Eleven (11), containing four (4) acres and twenty (20) poles and Lot No. Twelve (12), containing four (4) acres and twenty (20) poles, of what is known as the John Cook Estate, Hill Land, and of record in the office of the Clerk of the County Commission of Wood County, West Virginia.

Fourth Tract:  Parcel One:  Beginning at a stone at center of the old County Road (sometimes called the Williamstown Road) at a corner of lands formerly owned by Olin V. Neal, being corner of Lot No. 7 of the Hardin Neal Estate, and running thence with the center of said road N. 16°30' E. 28.2 poles to a stake in the upper line of the said Hardin Neal; thence with said line S. 63°15' E. 100 poles to a stone; thence S. 16°30' W. 30 poles to a stone in the line of said Lot No. 7; thence with said line N. 62°37' W. 100 poles to the place of beginning, containing Eighteen (18) acres, more or less.

Parcel Two:  Beginning at a stone in the northeast corner of the above mentioned tract, and running thence S. 63°15' E. 63 poles to a stone; thence S. 16°30' W. 30.63 poles to a stone and wire post; thence N. 62°27' W. 53 poles to a stone at the southeast corner of the above mentioned tract; thence N. 16°30' E. 30 poles to the place of beginning, containing ten (10) acres, more or less.

There is **excepted** from the above described real estate those two certain tracts of land, the first known as Ohio Valley College Addition to Vienna, Section "A", a plat of which is of record in the aforesaid Clerk's office in Plat Book No. 11, at page 40, and in Plat Book No. 12, at page 5, and a plat of a Re-division of a part thereof of record in Plat Book No. 12, at page 11, and the second known as Ohio Valley College Addition to Vienna, Section "B", a plat of which is of record in the aforesaid Clerk's office in Plat Book No. 12, at page 40, and that certain parcel situate on Thirteenth Avenue heretofore conveyed by the party of the first part unto Irene M. Taylor by Deed dated March 21, 1960, of record in the aforesaid Clerk's office in Deed Book No. 440, at page 312.

Fifth Tract:  Beginning at an iron stake in the old fence line, thence S. 66-1/2° E. 99 feet to Jug Run Road; thence with said Jug Run Road 2 calls, S. 41° W. 31 feet and S. 31° W. 198 feet to a point; thence leaving said road and running in a westerly direction 16-1/2 feet, more or less, to the old fence line, being in the easterly line of lands now owned by the first party; thence with said old fence line N. 11°42' E. 237 feet to the place of beginning, containing one-fourth (1/4) acre, more or less, and being a small triangular parcel of land carved out of Parcel Two as described in that certain Deed from Graham Packing Company, Inc., a corporation, to D. P. Boord and Dixie Boord, husband and wife, which said Deed was dated the 9th day of October, 1953, of record in the office of the Clerk of the County Commission of Wood County, West Virginia, in Deed Book No. 371, at page 527.

Being the same property conveyed to Wood County Development Authority, a public corporation, by Ohio Valley College, Incorporated, a West Virginia corporation, by Deed dated March 21, 1978, and of record in said Clerk's office in Deed Book No. 701, at page 266.

There is **excepted** from the aforesaid tracts of land the following:

CH893647.5                                        16

BOOK 1449 PAGE 73

(1) Beginning at a point bearing N. 18°29' E. 152.53 feet from the common line of property of Wood County Development Authority and property of the Board of Trustees of the Grand Lodge of Ancient, Free and Accepted Masons of West Virginia; thence N. 71°31' W. 50 feet to a one inch pipe; thence N. 18°29' E. 150 feet to a one inch pipe; thence S. 71°31' E. 100 feet to a one inch pipe; thence S. 18°29' W. 150 feet to a one inch pipe; and thence N. 71° 31' W. 50 feet to the place of beginning, containing 0.344 acre, more or less. Title reference - Deed Book No. 701, at page 266.

(2) A right of way of ingress and egress to and from the aforesaid parcel to the Masonic Home property, and for the installation, maintenance, inspection or replacement of water lines and appurtenances used in connection with a water tank to be located upon the aforesaid parcel, said right of way to be 25 feet in width, 12-1/2 feet on either side of a center line extending from the aforesaid common line of Wood County Development Authority and Masonic Home property, N. 18°29' E. 152.53 feet, more or less, to the southerly line of the 0.344 acre parcel.

(3) An easement for the occasional flowage of overflow and excess waters, extending from the 0.344 acre parcel and following the natural drainage contours of the land and natural watercourse in a southeasterly direction to Little Pond Run.

(4) A right of way for ingress and egress and for the installation, maintenance, inspection and replacement of water lines and appurtenances used in connection with a water tank, or tanks, to be located upon said 0.344 acre parcel of land. Said right of way shall be approximately 25 feet in width plus additional widths as may be necessary for cuts and fills and shall extend from said 0.344 acre parcel in a general northeasterly direction to a roadway designated as Aurora Drive on a topographical map prepared for Ohio Valley College, and continuing thence generally with Aurora Drive around the easterly side of a knoll and thence to 12th Street.

(5) The tract or parcel of land containing 57.156 acres, more or less, conveyed by Wood County Development Authority to Ohio Valley College, Inc. by a Deed dated July 26, 1997 and of record in said Clerk's office in Deed Book No. 972, at page 549.

(6) The tract or parcel of land and easements conveyed by Wood County Development Authority, and others, to Agape Housing, Inc. and the City of Vienna by a Deed dated May 6, 1985 and of record in said Clerk's office in Deed Book No. 819, at page 253.

(7) Two (2) tracts or parcels of land containing .08 ac and .168 ac and easements conveyed by the Wood County Development Authority to S.J. Ventures, Inc. by a Deed dated January 8, 1987 and of record in said Clerk's office in Deed Book No. 844, at page 186.

## LEGAL DESCRIPTION - NORTH CAMPUS

All that certain tract or parcel of land situate in the City of Vienna, County of Wood, State of West Virginia and being more particularly bounded and described as follows:

Beginning at a concrete monument (found) at the southerly corner of Florence A. Atkinson (reference Deed Book 571, page 488).

Thence, with the interior of the parent tract, twelve (12), courses and distances, S. 89° 18' 25" E. 203.40 feet to a point,

CH893647.5                    17

S. 51° 30' 05" E. 74.00 feet to a point,

N. 38° 29' 55" E. 70.00 feet to a point,

S. 51° 30' 05" E. 98.23 feet to a point,

S. 07° 12' 00" E. 268.41 feet to a point in asphalt driveway, said point being N. 79° 37' 42" E.,

150.22 feet from the northeasterly corner of Ohio Valley College, Inc. existing Building, formerly Saint Joseph's Seminary Main Building,

S. 83° 26' 40" W. 328.90 feet to a point,

S. 06° 30' 05" E. 23.86 feet to a point,

S. 83° 31' 00" W. 120.00 feet to a point,

N. 06° 30' 05" W. 43.03 feet to a point,

S. 83° 29' 55" W. 275.50 feet to a point, said point being N. 80° 28' 24" W. 105.03 feet from the northwesterly corner of Ohio Valley College, Inc. Existing Building, formerly Saint Joseph's Seminary Main Building,

N. 06° 30' 05". 190.00 feet to a point,

N. 59° 11' 10" E. 381.92 feet to the point of beginning and containing 5.110 acres more or less as surveyed by James DeBrular.

Being part of the same property (Deed Parcels 6, 8 and 9), conveyed to Ohio Valley College, Inc. by Most Reverend Bernard W. Schmitt, Bishop, by a Deed dated November 17, 1997 and of record in the office of the Clerk of the County Commission of Wood County, West Virginia in Deed Book No. 975, page 598.

Together with a nonexclusive easement for ingress to and egress from said tract or parcel of land over and across all roads and driveways now or hereafter located on the property now owned by Ohio Valley College, Inc.

## TRACT 2

All those certain tracts or parcels of land situate in Parkersburg and Vienna Districts, Wood County, West Virginia, and being more particularly bounded and described as follows:

## PARCEL NO. 1

BEGINNING at an iron pin in an old original survey (described in deed from O. B. Wiles, et ux. to C. C. Bee, dated December 31, 1915, recorded in the County Clerk's office of Wood County, West Virginia, in Deed Book No. 165, at page 515) at the extreme northwesterly end of a strip of land purchased by Bee from said O. B. Wiles; running thence S. 64 ½ E. 220 poles to a stake; thence S. 10 ½ W. 11 1/3 poles, more or less, to the original line in a former survey above referred to; thence N. 64 ½ W. 223.5 poles, more or less, to a stake on the bank of a run, in the line of the original survey; thence N. 27 E., with the line of the original survey, 11 1/3 poles, more or less, to an iron stake or pin to the place of beginning. (The southerly line of the old survey having been changed); and being the same real estate conveyed to James B. Wiblin by C. C. Bee, widower, by deed dated November 15, 1945, recorded in the County Clerk's office of Wood County, West Virginia, in Deed Book No. 275, at page 124.

## PARCEL NO. 2

BEGINNING at a concrete monument corner to lands of D. W. McConaha in the line of R. E. Snyder, and 28 feet, more or less, from the bottom of a steep bank across a run; thence South 59° 15' West 186.96 feet to a concrete monument; thence North 08° 29' East

BOOK **1449** PAGE **75**

184.00 feet to a concrete monument; thence South 76° 27' East 145.97 feet to a large oak tree 3.2 feet in diameter; thence South 09° 05' West 52.86 feet to the place of beginning, and being all the remaining land in a Tract described in Deed Book No. 374, at page 560, and also described as Tract P-1 on the Parkersburg District Tax Map Block 110.

### PARCEL NO. 3

BEGINNING at a stone in the line of I. S. Dotson and H. Dixon and running thence in a westerly direction 40 rods to a stone in the line of I. S. Dotson and Godall Dare; thence in a northerly direction with said line 20 rods to a stone in said line; thence in an easterly direction 40 rods to a stone in said first line; thence with said first line in a southerly direction 20 rods to the place of beginning.

### PARCEL NO. 4

BEGINNING at a point in the northeasterly corner of the tract of which the real estate herein described is a part, said beginning point being also the northwesterly corner of a tract owned by the heirs of Sally Kenney and in a line of a tract now or formerly owned by Nesselroade; thence running in a northwesterly direction with the line of Nesselroade, 157.5 feet to a point in the easterly line of a tract formerly owned by Atkinson; thence running in a southwesterly direction with the line of Atkinson and a tract formerly owned by Jameson, 330 feet, more or less, to a point, the southeasterly corner of said Jameson tract; thence running in a northeasterly direction, 157 feet, more or less, to a point; the southwesterly corner of said Kenney tract; thence with said Kenney line in a northeasterly direction, 20 poles to the place of beginning; and being a part of a tract of 1 acre 133 square rods lying west of and abutting the lands of the said Sally Kenney heirs on the east and the lands formerly owned by Jameson and Atkinson on the west; and being a part of the same real estate conveyed to the said Leslie P. McConaha by Ernest Ogden by deed dated February 24, 1954, recorded in the Office of the Clerk of the County Court of Wood County, West Virginia, in Deed Book No. 374, page 560.

### PARCEL NO. 5

BEGINNING at a stone in the Grogg and Lininger line in the rear line of the McHugh Farm, corner to land of Sarah A. Davis, and running thence N. 66-1/2 W. along the line of said land of Sarah A. Davis, 128 poles to a stake; thence at right angles to the line of Sarah A. Davis (crossing the McHugh-Tavenner line at right angles) 43.82 poles, more or less, to the lands of Fischer (formerly conveyed to James Tavenner by Bettie Tavenner, et al. by deed dated January 27, 1898, recorded in Deed Book No. 95, at page 398); thence along the rear line of the 125-acre tract of which Isaac Tavenner died seized, to the northeast corner of lands conveyed to C. H. Shattuck, J. M. Jackson, Jr., and L. N. Tavenner by William McHugh, et al. by deed dated March 27, 1901, recorded in Deed Book No. 114, page 3; and along the rear line of said lands so conveyed by said McHugh to Shattuck, et al. to the place of beginning, being the same real estate granted and conveyed unto the said parties of the first part by Fred L. Morlan, et al., by deed dated March 19, 1958, recorded in the Office of the Clerk of the County Court of Wood County, West Virginia, in Deed Book No. 418, at page 485.

### PARCEL NO. 6

BEGINNING at a point in the dividing line between the William Bel Farm and the Frank Jenkins and Isaac Tavenner farms at a point 2596 feet N. 63° 24' W. from the southerly corner of the William Bell farm and running thence N. 47° 31' E. 337.5 feet, more or less, to a stake; thence S. 63° 17' E. 2400 feet, more or less, to a point in the back or easterly line

CH893647.5                        19

of the William Bell farm; thence with the back or easterly line of the William Bell farm, S. 13° 52' W. 337-1/2 feet, more or less, to a point; the southerly corner of the William Bell farm; thence N. 63° 24' W. with the southerly line of the William Bell farm 2596 feet, more or less, to the place of beginning.

## PARCEL NO. 7

BEGINNING at a point which is the southeast corner of Lot No. 106 of Shattuck, Jackson, Tavenner & McHugh's Addition as shown on plat of said Addition of record in the Office of the Clerk of the County Court of Wood County, West Virginia, in Plat Book No. 2, pages 6 and 7; thence N. 26° 45' E. along the line of said Lot No. 106 and Lot No. 56 of said Addition, 22.27 poles to a stake, corner to said Lot No. 56; thence S. 60° 45' E. 10.82 poles to a stake; thence N. 34° E. 10.98 poles to a stake; thence S. 63° 22' E. 14.69 poles to a stake; thence N. 34° E. 10.98 poles to a stake; thence S. 63° 22' E. 51.13 poles to a stone; thence S. 26° 48' W. 43.62 poles to a stone in a line of lands now or formerly owned by Sarah A. Davis; thence N. 63° 22' W. 78.22 poles to the point of beginning.

## PARCEL NO. 8

BEGINNING at a sycamore on the common line between this land and the land of William Bell; thence S. 26° 29' W. 362 feet to a stake in the dividing line between this land and that of L. N. Tavenner et al. and a corner to lands of James Tavenner; thence with said dividing line S. 63° 31' E. 3,033 feet to a stake in the old line and on the south by a small run and near a large white oak marked fore and aft (old marks); thence with said line N. 8° E. 382 feet to a stake near a white oak and hickory pointers, a corner to land of William Bell; thence with the aforesaid common line with Bell N. 63° 31' W. 3000 feet to the beginning.

Excepting and reserving from the above described tract, however, a certain parcel bounded and described as follows:

BEGINNING at a point, the northwesterly corner of the tract hereinbefore described, running thence easterly with the common line of said tract and the line of B. F. Jameson tract, 200 feet to a point; thence running in a southerly direction to a point in the southerly line of the tract hereinbefore described, said point being 200 feet easterly from the southwesterly corner of the tract hereby conveyed; thence running with the southerly line of the tract hereby conveyed, in a westerly direction, 200 feet to the southwesterly corner of said tract; thence running with the westerly line of said tract in a northerly direction, 362 feet, more or less, to the place of beginning.

## PARCEL NO. 9

BEGINNING at an iron pin at the foot of the hill in the line of an old cross fence just back of the old Ben Davis Orchard, said beginning point being a common corner to the tract of land of 17.21 acres hereby conveyed and another adjoining 18.65 acre tract as shown on a plat of acreage made of the William Bell Estate by L. G. Merrill, Civil Engineer, in July 1936; thence S. 63° 24' E. and with the dividing line between said two tracts, 2,510 feet to a point; thence N. 13° 52' E. 321.5 feet to a point, common corner to the tract hereby conveyed and another 15.87 acre tract adjoining; thence N. 63° 24' W. and with the dividing line between the said last two mentioned tracts, 2,285 feet to an iron pin in the line of the old cross fence, as aforesaid; thence S. 52° 52' W. 348.36 feet to the place of beginning.

BOOK 1449 PAGE 77

Excepting and reserving from the above described tract, a certain tract or parcel located on the northwesterly end thereof, bounded and described as follows:

BEGINNING at the northwesterly corner of the tract hereinbefore described; thence running S. 23° 24' E. 310 feet to a point; thence running S. 26° 36' W. 312.8 feet to a point in the common line of the above described tract and a tract owned by B. F. Jameson; thence with the Jameson tract, N. 63° 24' W. 467 feet, more or less, to the southwesterly corner of the tract hereinbefore described; thence with the westerly line of said tract, N. 53° 30' E. 348.38 feet to the place of beginning.

THERE IS ALSO EXCEPTED AND RESERVED from said tracts or parcels of land that part or portion thereof conveyed unto the St. Joseph Hospital by the Diocese of Wheeling-Charleston by the terms of a deed dated May 21, 1991 and of record in the office of the Clerk of the County Commission of Wood County, West Virginia, in Deed Book No. 896, at page 411.

There is further excepted and reserved therefrom all that certain tract or parcel of land situate in the City of Vienna, County of Wood, State of West Virginia and being more particularly bounded and described as follows:

Beginning at a concrete monument (found) at the southerly corner of Florence A. Atkinson (reference Deed Book 571, page 488).

Thence, with the interior of the parent tract, twelve (12), courses and distances,
S. 89° 18' 25" E. 203.40 feet to a point,
S. 51° 30' 05" E. 74.00 feet to a point,
N. 38° 29' 55" E. 70.00 feet to a point,
S. 51° 30' 05" E. 98.23 feet to a point,
S. 07° 12' 00" E. 268.41 feet to a point in asphalt driveway, said point being N. 79° 37' 42" E.,
150.22 feet from the northeasterly corner of Ohio Valley College, Inc. existing Building, formerly Saint Joseph's Seminary Main Building,
S. 83° 26' 40" W. 328.90 feet to a point,
S. 06° 30' 05" E. 23.86 feet to a point,
S. 83° 31' 00" W. 120.00 feet to a point,
N. 06° 30' 05" W. 43.03 feet to a point,
S. 83° 29' 55" W. 275.50 feet to a point, said point being N. 80° 28' 24" W. 105.03 feet from the northwesterly corner of Ohio Valley College, Inc. Existing Building, formerly Saint Joseph's Seminary Main Building,
N. 06° 30' 05". 190.00 feet to a point,
N. 59° 11' 10" E. 381.92 feet to the point of beginning and containing 5.110 acres more or less as surveyed by James DeBrular.

Being part of the same property (Deed Parcels 6, 8 and 9), conveyed to Ohio Valley College, Inc. by Most Reverend Bernard W. Schmitt, Bishop, by a Deed dated November 17, 1997 and of record in the office of the Clerk of the County Commission of Wood County West Virginia in Deed Book No. 975, page 598.

Together with a nonexclusive easement for ingress to and egress from said tract or parcel of land over and across all roads and driveways now or hereafter located on the property now owned by Ohio Valley College, Inc.

CH893647.5                                    21

BOOK 1449 PAGE 78

The tracts or parcels of land hereinabove described as "Tract No. 1" and "Tract No. 2" are a part or portion of the same property conveyed unto Ohio Valley College, Inc. by Most Reverend Bernard W. Schmitt, Bishop, by a Deed dated November 17, 1997 and of record in said Clerk's office in Deed Book No. 975, at page 598.

## TRACT 3

## PARCEL NO. 1

All that certain tract or parcel of land situate in Parkersburg District, Wood County, West Virginia, more particularly bounded and described as follows:

BEGINNING at a stake in the County Road and which stake is located at the Northeast corner of property owned by the Ohio Valley College, Inc.; thence S. $60°37'$ E. along the line of the Ohio Valley College property, 2420.93 feet to a point; thence N. $28°42'$ E. 461.05 feet; thence N. $61°04'$ W. 176.02 feet to a stake; thence N. $26°21'$ E. 448.48 feet to a stake; thence S. $62°38'$ E. 2318 feet to a stake; thence S. $12°$ W. 1040 feet to the point of beginning, containing 52 acres, more or less and being a part of the same tracts or parcels of land conveyed unto S.J. Ventures, Inc., a West Virginia corporation by St. Joseph's Hospital of Parkersburg, a non-profit West Virginia corporation, by a deed dated October 8, 1985 and of record in the office of the Clerk of the County Commission of Wood County, West Virginia in Deed Book No. 825, at page 362.

**EXCEPTING AND RESERVING THEREFROM** those certain tracts or parcels of land described as containing 0.011 acres, 0.012 acres and 0.035 acres, more or less in a deed dated March 24, 1987, and of record in the office of the Clerk of the County Commission of Wood County, West Virginia, in Deed Book No. 847, at page 24, from S.J. Ventures, Inc., a West Virginia corporation to D. E. Kniska and T. A. Kniska, his wife.

**ADDITIONALLY EXCEPTING AND RESERVING THEREFROM** all that certain tract or parcel of land containing 5.115 acres, together with all appurtenant easements described in and covered by a Ground Lease from S.J. Ventures, Inc. to West Virginia Rehabilitation Services, Inc., a Pennsylvania corporation, dated December 1, 1986 and of record in said Clerk's office in Deed Book No. 842, at page 658. This conveyance is also being made subject and subordinate to all of the rights of the Lessee pursuant to the terms of the Ground Lease described in the preceding sentence.

Said tract or parcel of land described as, "Parcel No. 1" is a part or portion of property conveyed to Ohio Valley College, Inc. by S.J. Ventures, Inc. and St. Joseph's Hospital of Parkersburg by a Deed dated February 4, 1998 and of record in said Clerk's office in Deed Book No. 978, at page 134. This Deed contains the following provision:

"By its acceptance of this deed, the party of the second part hereby assumes all of the obligations of S.J. Ventures, Inc., one of the parties of the first part to maintain an easement area appurtenant to said hereinabove described "Tract 1" as set forth in Section 28 of that Certain Ground Lease dated December 1, 1986 and of record in said Clerk's office in Deed Book No. 842, at page 658, from S.J. Ventures, Inc., as Lessor to West Virginia Rehabilitation Services, Inc., as Lessee."

BOOK **1449** PAGE **79**

## PARCEL NO. 2

All that certain tract or parcel of land situate in Parkersburg District, Wood County, West Virginia, more particularly bounded and described as follows:

BEGINNING at a common corner to the properties owned by S.J. Ventures, Inc. and D. E and T. A. Kniska, as shown on the "Plat Showing The Land Acquired by S.J. Ventures, Inc. From Ohio Valley College, Parkersburg District, Wood County,", prepared by Rude and Associates, Inc., said plat being of record in said Clerk's office; thence with the property line between S.J. Ventures, Inc. and D. E. and T. A. Kniska S. 12° 10' 20" W. 54.23 feet to the beginning point; thence S. 11° 08' 10" E. 22.61 feet to a point on the property line between S.J. Ventures, Inc. and D. E. and T. A. Kniska; thence N. 66° 10' 40" W. 9.14 feet; thence N. 12° 10' 20" E. 18.89 feet to the place of beginning, and containing 0.002 acre, and designated as "Tract B" on a plat attached to the hereinafter described deed dated March _____, 1987, and being the same tract or parcel of land conveyed unto S.J. Ventures, Inc., a West Virginia corporation, by D. E. Kniska and T. A. Kniska, his wife, by a deed dated March _____, 1987 and of record in said Clerk's office.

## PARCEL NO. 3

All those two (2) certain tracts or parcels of land situate in Parkersburg District, Wood County, West Virginia, more particularly bounded and described as follows:

TRACT I: BEGINNING at the common corner to property now or formerly owned by D. E. and T. A. Kniska and the Wood County Development Authority, thence with the following bearings and distances; South 66° 1' 40" East, 61.00 feet to the westerly right of way line of Wood County Route 4; South 47° 15' 31" West, 15.40 feet with said right of way line; South 33° 12' 40" West, 76.61 feet with said right of way line; North 36° 29' 11" West, 17.18 feet; with a curve to the right having a radius of 185 feet and a chord of North 34° 9' 31" West, 15.03 feet; North 12° 10' 20" East, 74.58 feet to the beginning point, and containing 0.080 acres, more or less.

TRACT II: BEGINNING at the common corner to properties now or previously owned by S.J. Ventures, Inc., a West Virginia corporation, D. E. and T. A. Kniska and the Wood County Development Authority; thence with the following bearings and distances: South 12° 10' 20" West, 73.12 feet; South 12° 10' 20" Wes, 74.85 feet; with a curve having a radius of 185 feet and a chord of North 21° 41' 42" West, 65.12 feet; North 11° 30' 57" West, 126.62 feet to the property line of S.J. Ventures, Inc., and the Wood County Development Authority; South 63° 41' 43" East, 90.31 feet with said property line to the beginning point, and containing 0.168 acres, more or less, and being more fully described on the Plat attached to the hereinafter described deed dated January 8, 1987 and of record in said Clerk's office in Deed Book No. 844, at page 186.

Said Tract I and Tract II are the same tracts or parcels of land conveyed unto S.J. Ventures, Inc., a West Virginia corporation, by the Wood County Development Authority, a public corporation, by a deed dated January 8, 1987 and of record in said Clerk's office in Deed Book No. 844, at page 186.

**THERE IS HEREBY CONVEYED TOGETHER WITH** said Tract I and Tract II the easement which was also conveyed unto S.J. Ventures, Inc., a West Virginia

CH893647.5                    23

BOOK 1449 PAGE 80

corporation, by the terms of the deed dated January 8, 1987 described in the preceding paragraph and which was described therein as Tract III, as follows:

TRACT III: BEGINNING at the common corner to properties now or previously owned by S.J. Ventures, Inc., and the Wood County Development Authority, thence with the following bearings and distances, South 11°30' 57" East, 126.62 feet with a curve to the left having a radius of 185 feet and a chord of South 21°41' 42" East, 65.12 feet: South 57°23' 57" West, 33.69 feet; North 78°41' 24" West, 15.30 feet; North 13°19' 28" West, 39.05 feet; North 00°23' 44" East, 151.70 feet; North 11°30' 57" West, 12.50 feet to said property line: South 63°41' 43" East, 5.00 feet with said property line to the beginning point, and containing 0.107 acres, more or less, and being more fully described on a Plat attached to the hereinabove described deed dated January 8, 1987 and of record in said Clerk's office in Deed Book No. 844, at page 186.

There is expressly excepted herefrom that certain easement and right of way previously granted by The Wood County Development Authority and Ohio Valley College, Inc., unto S.J. Ventures, Inc. by deed dated the 3rd day of November, 1986 and of record in said Clerk's office in Deed Book No. 842, at page 651, more fully described as follows:

SITUATE AND BEING in the District of Parkersburg, County of Wood and State of West Virginia, more particularly described as follows:

BEGINNING at a reference point at the common point of properties owned by S.J. Ventures, Inc., D. E. and T. A. Kniska, and the Wood County Development Authority; thence North 63°41' 43" West, 39.67 feet with the property line between S.J. Ventures, Inc., and the Wood County Development Authority, to the true beginning point; thence with the following bearings and distances; South 11°30' 57" East, 95.35 feet, with a curve to the left having a radius of 145 feet and a chord of South 23°59' 5" East, 62.78 feet; South 36°29' 11" East, 3.38 feet to the westerly right of way line of Wood County Route 4; South 34°28' 52" West, 42.31 feet with said right of way line; North 36°29' 11" West, 17.18 feet, with a curve to the right having a radius of 185 feet and a chord of North 24°1' 21" West, 79.86 feet; North 11°30' 57" West, 126.62 feet to the property of S.J. Ventures, Inc.; South 63°41' 43" East, 50.64 feet with said property line to the beginning point, and containing 0.175 acres, more or less.

## PARCEL NO. 4

All that certain tract or parcel of land situate in Parkersburg District, Wood County, West Virginia, more particularly bounded and described as follows:

BEGINNING at a hub located at the easterly end of 14th Street in the City of Vienna, thence S. 61°15' E. 1273 feet to a hub located on the line of a tract of land recently acquired by the St. Joseph's Hospital of Parkersburg from Harry F. Davis and Florence B. Davis by deed dated the 16th day of June, 1966, and of record in said Clerk's office in Deed Book No. 518, at page 40; thence along the line of said St. Joseph's Hospital of Parkersburg property so acquired N. 27°30' E. 430.5 feet to another hub; thence N. 62° W. 1247 feet, more or less, to a hub located in the westerly end line of 15th Street in the City of Vienna; thence S. 31°45' W. 416.9 feet to the point of beginning, containing 12.40 acres, more or less, and being also a part or portion of the property conveyed unto S.J. Ventures, Inc., a West Virginia corporation, by the terms of the hereinabove described deed dated October 8, 1985.

## TRACT 4

CH893647.5                                24

BOOK 1449 PAGE 81

All that certain tract or parcel of land situate in Parkersburg District, Wood County, West Virginia, more particularly bounded and described as follows:

BEGINNING at a point in a stream, said point being located on the common property line between Tract "K" and Tract "E", 360.24 feet in a N. 65 degrees 56 minutes 37 seconds W. direction from a concrete monument at the northeasterly boundary of Tract "E"; thence N. 65 degrees 56 minutes 37 seconds W., 1,241.70 feet with said common line to an iron pipe, passing an iron pipe reference pipe located on said line 7.00 feet from the beginning and located on the bank of the stream; thence N. 24 degrees 03 minutes 23 seconds E. 188.00 feet to an iron pipe located in the common line between Tract "K" and Tract "8", said point being the northwesterly corner of the 5.3059 Acre Tract herein described; thence S. 65 degrees 56 minutes 37 seconds E. 1,217.00 feet to a point in the stream located in the common line between Tract "k" and Tract "8" and passing an iron pipe reference pipe at 1,207.00 feet; thence S. 16 degrees 33 minutes 18 seconds W. 189.62 feet to the point of beginning, containing 5.3059 acres, more or less, and being the same tract or parcel of land conveyed unto St. Joseph's Hospital of Parkersburg, a West Virginia non-profit corporation, by the Most Reverend Bernard W. Schmitt, Bishop of the Roman Catholic Diocese of Wheeling-Charleston by a Quit-Claim Deed dated November 28, 1994 and of record in the office of the Clerk of the County Commission of Wood County, West Virginia in Deed Book No. 938, at page 741.

Said tracts or parcels of land hereinabove described as, "Tract No. 3" and, "Tract No. 4" are the same tracts or parcels of land conveyed unto Ohio Valley College, Inc. by S.J. Ventures, Inc. and St. Joseph's Hospital of Parkersburg by a Deed dated February 4, 1998 and of record in said Clerk's office in Deed Book No. 978, at page 134.

## LEGAL DESCRIPTION - SNYDER ACTIVITY CENTER

All that certain lot, tract or parcel of land situate, lying and being in the District of Parkersburg, County of Wood and State of West Virginia, more particularly bounded and described as follows:

BEGINNING at an iron pin in the northerly line of Jug Run (Briscoe) said point being the southeasterly property corner of Kenneth McVay, of record in the office of the Clerk of the County Commission of Wood County, West Virginia, in Deed Book No. 804, at page 385, said point also being the northeast property corner of the parcel to be herein described, said parcel previously described in Deed Book No. 848, at page 779; thence along the north line of the above mentioned road, South 39°15' 01" West 203.03 feet to a point; thence along the north line of said road, South 37°15' 01" West 206.90 feet to a pk nail; thence leaving said road North 66°01' 40" West 40.87 feet to a drill hole; thence South 47°15' 31" West 15.40 feet to a drill hole; thence North 55°44' 15" West 41.74 feet to an iron rod; thence North 11°08' 10" West 64.73 feet to a drill hole; thence North 12°10' 20" East 26.44 feet to an iron rod; thence North 10° 02' 43" East 114 feet to an iron rod; thence South 79°57' 17" East 11.03 feet to an iron rod; thence North 09°25' 17" East 211.98 feet to an iron pipe; thence along the southerly line of the above mentioned McVay property South 67°16' 43" East 301.77 feet to the place of beginning, containing 1.85 acres, as shown on a plat thereof prepared by James L. Debrular, LLS, attached to a Deed of record in said Clerk's office in Deed Book No. 897, at page 293.

CH893647.5                    25



BOOK **809** PAGE **480**

_____ _ _ **COAL**

EXHIBIT
**B**

The Pittsburgh vein or seam of coal within and underlying those properties is described in a Deed dated August 26, 1993 and of record in the office of the Clerk of the County Commission of Marshall County, West Virginia in Deed Book No. 574, at Page 265, as follows:

**PARCEL NUMBER 2:** All the coal within and underlying that certain tract of land situate in Meade District, Marshall County, West Virginia, bounded and described as follows: Beginning at a stone in the county road, thence S. 68° E. 290 feet to a stone on road; thence N. 20° E. 1765 feet to a stone in creek; thence S. 20° 45' E. 190 feet to a stone; thence S. 46° 15' E. 251 feet to a stone; thence S. 59° 15' E. 270 feet to a stone; thence S. 77° E. 331 feet to a stone; thence S. 70° 20' E. 239 feet to a stone in place of a poplar and pine, an original corner; thence S. 89° 30' E. 250 feet to a stone in creek; thence S. 34° 17' W. 3040 feet to a stone; thence N. 43° 27' W. 210 feet to a stake in place of sugar; thence N. 89° 30' W. 924 feet to a stone and poplar; thence N. 34° 30' W. 175 feet to a stone; thence N. 30° 15' E. 1460 feet to said stone in the county road, the place of beginning, containing eighty-three and three-tenths (83 3/10) acres, as per survey made by R. C. Yoho, Civil Engineer, in December, 1914.

Together with all the rights and privileges necessary and useful in the mining, removing and manufacturing of said coal into coke or other products, including the right of mining and removing the same without leaving any support for the overlying strata and without liability for any injury which may result to the surface or to anything therein or thereon from the breaking of the same, the right of ventilation and drainage, and of access to the mines for men and materials, and also the right of mining, ventilating, draining and transporting the coal of other lands through the mines and openings in and upon the above described lands of Elmer Resseger and Mary E. Resseger, and generally freed and discharged from all servitude to the overlying land and anything therein or thereon.

There is excepted and reserved from this Parcel Number 2, the right to drill and operate through said coal for oil, gas and minerals other than said coal, without being liable for damages, provided, however, that such operations shall interfere as little as possible with the rights herein quit claimed.

Also whatever right the Party of the First Part may now have, if any, to purchase at any time any number acres of the surface of said land, by paying therefor at the rate of $100.00 per acre, but no surface land to be used or occupied within twenty-five rods of the principal buildings erected on said premises.

Being the same property conveyed to L. T. Heil by Elmer Resseger and Mary E. Resseger, his wife, by Deed dated April 8, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 262, at page 255.

**PARCEL NUMBER 3:** All the coal within and underlying that certain tract of land situate in Cameron District, Marshall County, West Virginia, more particularly bounded and described as follows: Beginning at a sugar tree on branch of Big Grave Creek; thence down said branch South 3 1/4° West 80.2 poles to a Locust; thence North 70 1/4° East 118 poles to a stake near a Lynn; thence North 30 3/4° East 59 poles to a White Oak; thence North 57° West 88 poles to a small Beech; thence South 51 1/2° West 4 poles to a stake on Cedar Run; thence up said run North 26° West 34 poles to a Beech; thence North 2 1/2° West 11.7 poles to a Poplar; thence North 22°

BOOK 809 PAGE 481

West 5.7 poles to a White Oak; thence North 49 ½ West 99 poles to a stake on Bauer's Run; thence down said run South 26 ½ West 2 poles to a fallen Sugar; thence South 46 ½ East 65.7 poles to a stone; thence South 50 3/4 East 40.6 poles to a Sugar near the head of a ravine; thence down said ravine South 9° East 26.6 poles to a stake; thence South 16° East 10.8 poles to the place of beginning, containing one hundred eight and one-half (108 ½) acres, as per survey of Michael Dowler made on March 10, 1859.

Together with all the rights and privileges necessary and useful in the mining, removing and manufacturing of said coal into coke or other products, including the right of mining and removing the same without leaving any support for the overlying strata and without liability for any injury which may result to the surface or to anything therein or thereon from the breaking of the same, the right of ventilation and drainage, and all access to the mines for men and materials, and also the right of mining, ventilating, draining and transporting the coal of other lands through the mines and openings in and upon said land and generally freed and discharged from all servitude to the overlying land and to anything therein or thereon.

There is excepted and reserved from this Parcel Number 3, the right to drill and operate through said coal for oil, gas and minerals other than said coal, without being responsible for damages, provided, however, that such operations shall interfere as little as possible with the rights herein quit claimed.

Also whatever right the Party of the First Part may have, if any, to purchase at any time any number of acres of the surface of said land, by paying therefor at the rate of One Hundred and Fifty Dollars ($150.00) per acre, but no surface land to be used or occupied within twenty-five (25) rods of the principal buildings erected on said premises.

Being the same property conveyed to L. T. Heil by Mercantile Banking and Trust Company, by Deed dated April 11, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 262, at page 259.

**PARCEL NUMBER 4:**   All the coal, together with the appurtenant mining rights and privileges, within and underlying those two certain tracts of land situate in Cameron District, Marshall County, West Virginia, and more particularly bounded and described as follows:

First: Beginning at a stone in what was formerly the Nixon line; thence South 2° East 60 poles to a beech; thence South 10° East 28 poles to a water beech; thence South 13 ½ West 23 poles to a stone in John Pierce's line; thence South 50° East 102 poles to a stake; thence North 68° East 65.4 poles to a white oak; thence North 11° West 128 poles to a poplar; thence South 77° West 34.8 poles to a red oak; thence North 86° West 9 poles to a beech; thence North 68° West 25.2 poles to a walnut stump; thence North 46 ½ West 22.6 poles to a stake; thence North 77° West 29.3 poles to the place of beginning, containing one hundred one (101) acres, two (2) rods and thirty-one (31) perches.

Second:  Beginning at a point where a poplar formerly stood near the Fork Ridge Road; thence South 11° East 128 poles to a white oak; thence South 22° East 34.4 to a stone; thence North 41° East 21 poles to a beech; thence North 8 ½ West 44 poles to a water beech; thence North 5° East 112 poles to a stake near the Fork Ridge Road; thence South 74° West 45 poles to the beginning, containing thirty-three (33) acres, one (1) rod, and twenty-nine (29) perches.

There is excepted and reserved from this Parcel Number 4, the right to drill and operate through said coal for oil, gas and minerals other than said coal, without being liable for damages,

CH911079.3                                                13

BOOK **809** PAGE **482**

provided, however, that such operations shall interfere as little as possible with the rights herein quit claimed.

Being the same property conveyed to L. T. Heil by two separate deeds which contain some differences with respect to rights, which deeds are from Russell F. Yoho and Faye Yoho, his wife, dated April 11, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 262, at page 262, and by Mercantile Banking and Trust Company, dated April 11, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 262, at page 257.

**PARCEL NUMBER 5:**  All the coal within and underlying that certain tract of land situate in Meade District, Marshall County, West Virginia, more particularly bounded and described as follows:  Beginning at a Beech, corner to Hanen; thence with his lines South 36° 30' West 694 feet to a Beech; thence South 9° 45' West 363 feet to a Dogwood; thence South 33° 15' West 300 feet to a post and road; thence crossing road South 28° West 437 feet to a stone; thence South 8° 30' West 434 feet to a Beech; thence South 55° 55' West 750 feet to an Ironwood, corner to Richmond; North 54° 27' West 726 feet to a Beech; thence North 43° 27' West 386 feet to a stake corner to Roy E. Carmichael; thence with his line North 34° 17' East 2800 feet to a stake near a Beech; thence South 53° East 1031 feet to the place of beginning, containing seventy-five (75) acres, as per survey of R. C. Yoho, C.E., made November, 1914.

Together with all the rights and privileges necessary and useful in the mining, removing and manufacturing of said coal into coke or other products, including the right of mining and removing the same without leaving any support for the overlying strata and without liability for any injury which may result to the surface or to anything therein or thereon from the breaking of the same, the right of ventilation and drainage, and of access to the mines for men and materials, and also the right of mining, ventilating, draining and transporting the coal of other lands through the mines and openings in and upon the above described lands of Essie Booth, and generally freed and discharged from all servitude to the overlying land and anything therein or thereon.

There is excepted and reserved from this Parcel Number 5, the right to drill and operate through said coal for oil, gas and minerals other than said coal, without being liable for damages, provided, however, that such operations shall interfere as little as possible with the rights herein quit claimed.

Also whatever right the Party of the First Part may now have, if any, to purchase at any time any number acres of the surface of said land, by paying therefor at the rate of $150.00 per acre, but no surface land to be used or occupied within twenty-five rods of the principal buildings erected on said premises.

Being the same property conveyed to L. T. Heil by Essie Booth, widow, by Deed dated April 12, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 262, at page 290.

**PARCEL NUMBER 6:** All the coal within and underlying that certain tract of land situate in Meade District, Marshall County, West Virginia, more particularly bounded and described as follows:

Beginning at a stake corner to lands now owned by Fred White, the coal underlying the same being now owned by Elmer Resseger, thence North 34° 30' West 600 feet to a white walnut; thence North 72° West 419 feet to an Elm; thence North 25° 48' East 2046 feet to a stone at creek; thence South 69° 15' East 223 feet to a stone; thence North 78° 25' East 186 feet to a stone;

CH911079.3                                                          14

thence North 51° East 286 feet to S. E. corner of Pier of R. R. Bridge; thence North 46° 55' East 367 feet to a stake; thence North 38° East 199 feet to a stake; thence North 83° east 337 feet to a stone; thence South 46° East 267 feet to S. W. corner of Pier of R. R. Bridge; thence South 30° 45' East 50 feet to a point in line of said Fred White; thence with same South 20° West 1765 feet to a point in county road; thence with said road North 68° West 290 feet to a point in said road; thence leaving said road South 30° 15' West 1460 feet to the place of beginning, containing sixty-nine and three tenths (69.3) acres, as per survey of R. C. Yoho, County Surveyor, made in November, 1914.

Together with all the rights and privileges necessary and useful in the mining, removing and manufacturing of said coal into coke or other products, including the right of mining and removing the same without leaving any support for the overlying strata and without liability for any injury which may result to the surface or to anything therein or thereon from the breaking of the same, the right of ventilation and drainage, and of access to the mines for men and materials, and also the right of mining, ventilating, draining and transporting the coal of other lands through the mines and openings in and upon the above described lands of Wilbert L. Carmichael and Elsie O. Carmichael, his wife; Harry E. Carmichael and Mary V. Carmichael, his wife; and Thomas E. Carmichael, a widower, and generally freed and discharged from all servitude to the overlying land and anything therein or thereon.

There is excepted and reserved from this Parcel Number 6, the right to drill and operate through said coal for oil, gas and minerals other than said coal, without being liable for damages, provided, however, that such operations shall interfere as little as possible with the rights herein quit claimed.

Also whatever right the Party of the First part may have, if any, to purchase at any time any number of acres of the surface of said land, by paying therefor at the rate of $150.00 per acre, but no surface land to be used or occupied within twenty-five rods of the principal buildings erected on said premises.

Being the same property conveyed to L. T. Heil by Wilbert L. Carmichael and Elsie O. Carmichael, his wife, et al., by Deed dated April 14, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 262, at page 287.

**PARCEL NUMBER 7:** All the coal within and underlying that certain parcel of land situate in Meade District, Marshall County, West Virginia, more particularly bounded and described as follows: Beginning at a stake near a Beech, corner to Essie Booth; thence with her line South 34° 17' West 2800 feet to a point; thence North 43° 27' West 200 feet to a stake corner to Fred White; thence with his line North 34° 17' East 3040 feet to a stone at Grave Creek; thence South 89° 30' East 250 feet to an Ash; thence South 28° 30' West 376 feet to the place of beginning, containing fourteen (14) acres, as per survey of R. C. Yoho, C.E., made in November, 1914.

Together with all the rights and privileges necessary and useful in the mining, removing and manufacturing of said coal into coke or other products, including the right of mining and removing the same without leaving any support for the overlying strata and without liability for any injury which may result to the surface or to anything therein or thereon from the breaking of the same, the right of ventilation and drainage, and of access to the mines for men and materials, and also the right of mining, ventilating, draining, and transporting the coal of other lands through the mines and openings in and upon the above described lands of Roy E. Carmichael and Edith Carmichael, and generally freed and discharged from all servitude to the overlying land and anything therein or thereon.

BOOK **809** PAGE **484**

There is excepted and reserved from this Parcel Number 7, the right to drill and operate through said coal for oil, gas and minerals other than said coal, without being liable for damages, provided, however, that such operations shall interfere as little as possible with the rights herein quit claimed.

Also whatever right the Party of the First Part may have, if any, to purchase at anytime any number acres of the surface of said land, by paying therefor at the rate of $150.00 per acre, but no surface land to be used or occupied within twenty-five rods of the principal buildings erected on said premises.

Being the same property conveyed to L. T. Heil by Roy E. Carmichael and Edith Carmichael, his wife, by Deed dated April 12, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 262, at page 292.

**PARCEL NUMBER 8:** All of the Pittsburgh vein of coal underlying that certain tract of land situate in Cameron District, Marshall County, West Virginia, bounded and described as follows:

Beginning at a sycamore on the north side of the creek, corner to Mary E. Baker and Delia Riley; thence running S. 29° E. 10.80 poles to the southwest corner of pier of Railroad Bridge No. 142; thence S. 44° 5' E. 27.48 poles to a large sycamore on the north side of the creek; thence S. 50° 45' E. 20.20 poles to rock on the south side of the creek; thence S. 83° 45' E. 26.88 poles to the center of the creek; thence N. 38° 30' E. 5.30 poles to the center of the Baltimore and Ohio Railroad; thence N. 70° 30' W. 13.05 poles to a stake; thence N. 59° 15' W. 16.26 poles to a stake; thence N. 32° E. 24.40 poles to a stone and white oak; thence N. 75° 25' W. 15.02 poles to a stone; thence N. 41° 15' W. 10.28 poles to a stone; thence N. 16° 30' E. 23.48 poles to a stone; thence N. 72° W. 31.70 poles to a post; thence S. 18° W. 37.80 poles to the beginning, containing 15.75 acres.

Reference is made to the Deed from Jasper Cope to John S. Carrol, et al., for a more particular description of the mining rights and privileges connected with the coal hereby quit claimed, which deed is dated June 12, 1905, and recorded in the aforesaid County Clerk's office in Deed Book 115, at page 243.

Being the same property conveyed to L. T. Heil by Thomas E. Wilkison, Deputy Commissioner, by Deed dated May 10, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 263, at page 389.

**PARCEL NUMBER 9:** All the Pittsburgh or river vein of coal underlying that certain tract of land situate in Cameron District, Marshall County, West Virginia, bounded and described as follows:

Beginning at a sycamore on the North bank of Big Grave Creek, a corner common to the land of John Corchoran, Carmichael and the hereinafter described tract; thence S. 78° 30' W. 17.1 rods to a stake; thence S. 42° 30' W. 35.5 rods to the southwest corner of Railroad Bridge No. 143; thence S. 51° 45' W. 25.85 rods to a rock on the south bank of creek; thence N. 67° 45' W. 14.5 rods to a point in the creek opposite the mouth of a ravine; thence N. 30° W. 4.2 rods to a stake, a corner to John Vaughn; thence by lands of said Vaughn and Robert Schaerfer, N. 4° 30' E. 73.70 rods to a stake, corner to William Aston; thence by same N. 62° 48' E. 55.4 rods to a beech on the bank of a ravine; thence S. 71° E. 56.8 rods to a stake where beech stood; thence N. 16° 55' E. 30.5 rods to a stake in the old Hurford line; thence S. 6° E. 17.8 rods to a stake in the old road;

BOOK 809 PAGE 485

thence S. 8° W. 13.94 rods to a stone; thence N. 82° 30' W. 6.6 rods to a stone, a corner to John Cochran; thence by said Cochran N. 72° W. 31.7 rods to a post; thence S. 18° W. 37.80 rods to the beginning, containing 37.95 acres, according to survey made by S. Howe Bonar in July, 1902.

Reference is made to the Deed from Jasper Cope to John S. Carrol, et al., for a more particular description of the mining rights and privileges connected with the coal hereby quit claimed, which deed is dated June 12, 1905, and recorded in the aforesaid County Clerk's office in Deed Book 115, at page 243.

Being the same property conveyed to L. T. Heil by Thomas E. Wilkison, Deputy Commissioner, by Deed dated May 10, 1949, and recorded in the aforesaid County Clerk's Office in Deed Book 263, at page 391.

**PARCEL NUMBER 10:** All the Pittsburgh or river vein of coal in and underlying that certain tract of land situate in Cameron District, Marshall County, West Virginia, bounded and described as follows:

Beginning at an ash on the south side of Grave Creek, a point common to the lands of Carmichael and J. W. Gunn; thence by the land of said Carmichael North 85° 15' West 35.8 perches to the center of the creek, a corner to the land of John Corchoran; thence by lands of said Corchoran North 39° 30' East 5.30 perches to the center of the Baltimore and Ohio Railroad; thence with said Railroad North 70° 30' West 19.05 perches to a stake; thence by same North 59° 15' West 16.26 perches to a stake; thence by lands of said Cochran North 32° East 24.40 perches to a stone and white oak; thence by same North 75° 25' West 15.02 perches to a stone; thence by same North 41° 15' West 10.28 perches to a stone; thence by same North 16° 30' East 23.48 perches to a stone in the property line of Mary Baker and Delia Riley; thence by the line of Baker and Riley South 82° 30' East 6.60 perches to a stone; thence by same North 28° 15' East 12.36 perches to a stake in the old road; thence by same North 8° East 13.94 perches to a stake in the old road; thence by same North 6° West 17.80 perches to stake in the old Herford line; thence by same South 16° 55' West 30.50 perches to a stake where a beech stood; thence by same North 71° West 56.80 perches to a beech on bank of ravine; thence by same South 62° 48' West 55.40 perches to a stake; thence by same North 65° 15' West 10.72 perches to a locust stump; thence by same South 89° 30' West 3.56 perches to a stake in Robert Schaerfee line; thence North 60° 45' West 3.40 perches to the Baltimore and Ohio Railroad, a corner to J. W. Founds; thence with said Railroad North 37° East 12.56 perches; thence by same North 47° 30' East 82.94 perches; thence by same North 37° 30' East 20 perches; thence by same North 12° 30' East 13.10 perches; thence by same North 9° West 13.60 perches; thence by same North 31° West 14 perches; thence by same North 51° West 12.70 perches; thence by same North 67° West 7.80 perches to stakes 4 rods below Cedar Run; thence by the lands of J. W. Founds and John Davis North 31° 45' East 110.50 perches to a white oak in the line of F. Arnold; thence by lands of said Arnold and T. H. Johnson South 55° 15' East 72 perches to a stake in Johnson's line; thence by same South 16° 55' West 89 perches to a stone; thence by same South 16° 55' West 89 perches to a stone; thence by same South 68° 30' East 86.70 perches to a poplar, corner to Thomas Brown; thence by his line South 4° 30' East 64.90 perches to a stake in Grave Creek in the line of J. W. Gunn; thence by the land of said Gunn South 82° West 27 perches to a stake in the Creek; thence by the same South 40° West 18 perches to a stake in the Creek; thence by the same South 9° 30' East 58.60 perches to a stake; thence by same South 67° 15' West 30.50 perches to the beginning, containing 196.38 acres.

CH911079.3

17

BOOK **809** PAGE **486**

Reference is made to the Deed from Thomas E. Wilkison, Deputy Commissioner, to Everett F. Moore and Elmer Resseger for a more particular description of the mining rights and privileges connected within the coal hereby quit claimed, which Deed is dated May 10, 1949, and recorded in the aforesaid County Clerk's office in Deed Book 263, at page 393.

Being the same property conveyed to L. T. Heil by Elmer Resseger and Mary Resseger, his wife, and Everett F. Moore, single, by Deed dated August 22, 1949, and recorded in the aforesaid County Clerk's office in Deed Book 264, at page 388.

Being the same property remised, released, and quitclaimed unto Ohio Valley College, now known as Ohio Valley University, Inc., by Ruth T. Heil, widow, individually, and as Trustee for Ruth T. Heil under Agreement dated September 21, 1987, by Quitclaim Deed of Release dated August 26, 1993 and of record in the office of the Clerk of the County Commission of Marshall County, West Virginia in Deed Book No. 574, at page 265.

THE RIGHTS TITLE AND INTEREST IN AND TO THE ABOVE-DESCRIBED REAL ESTATE IS SUBJECT TO A LEASE DATED THE 7TH DAY OF MARCH, 2007 BETWEEN **OHIO VALLEY UNIVERSITY, INC.** AND **McELROY COAL COMPANY** AS DESCRIBED IN A MEMORANDUM OF LEASE RECORDED IN DEED BOOK 658 PAGE 80 IN THE RECORDS OF THE CLERK OF MARSHALL COUNTY ON MARCH 14, 2007.

Return To:
Patrick Deem
P. O. Box 2190
Clarksburg, WV
26302-2190

STATE OF WEST VIRGINIA, MARSHALL COUNTY, SCT.:

I, JAN PEST, Clerk of the County Commission of said County, do hereby certify that the annexed writing, bearing date on the ___30th___ day of ___August___ ___2007___, was presented for and by me, admitted to record in my office upon the above certificate as to the parties therein named this ___5th___ day of ___September, 2007___ at ___11:38___ o'clock ___A___M

CPS BM 7-07

TESTE: _____ Clerk