IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| IN RE:  Ohio Valley University | ) | CASE NO.: 22-00056 |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |

**MOTION TO SELL PROPERTY FREE AND CLEAR
OF LIENS AND NOTICE OF UPSET BID PROCEDURES**

Thomas H. Fluharty (the "Trustee") respectfully submits this Motion for an order pursuant to 11 U.S.C. §§ 105(a), 363, 704, and Fed. R. Bankr. P. 2002, and 6004 to approve the sale of the bankruptcy estate's interest in property, and to approve the notice of the auction and bid procedures set forth herein.  In support of this Motion, the Trustee states:

**A.    BACKGROUND**

1. The Debtor[1] filed a petition under Chapter 7 of the Bankruptcy Code on February 17, 2022 (the "Petition Date").

2. An asset of the bankruptcy estate is personal property described as a 2015 Toyota Avalon Hybrid, LTD, 4 door sedan, VIN #4T1BD1EB1FU044857 (the "Property").

3. The Debtor is the sole owner of the property.

4. As of the Petition Date, the Debtor valued the Debtor's interest in Property at "unknown."  The Trustee asserts that the vehicle has a fair market value of $15,243 to $17,924.  The Trustee is unaware of the condition of the vehicle but believes the offer of $15,000.00 is reasonable.

5. Secured claims against the property are as follows:

| Creditor | Type of Lien (e.g., deed of trust, mortgage, statutory, judicial) | Approximate Balance owed as of the time of the filing of the Motion |
|---|---|---|
| None | | |

**B.    THE SALE**

---

[1] As used herein, the term "Debtor" shall include a single debtor or joint debtors, as the case may be.

6. Subject to the Upset Bid Procedures set forth below, The Trustee proposes to sell the 2015 Toyota Avalon Hybrid, for $15,000.00 to Keith Stotts, 1222 Cisler Drive, Marietta, OH 45750-9450 (the "Buyer"). The Trustee believes that the sales price is fair and reasonable.

7. The Buyer is not an insider of the Debtor, and the sale represents an arms-length transaction between the parties, made without fraud, collusion, and no attempt has been made by either party to take any unfair advantage of the other (if the Buyer is an insider, or a person with whom the Trustee has a business relationship then explain the nature of that relationship and why the Trustee believes the sale price is fair). The Buyer is purchasing the Property in good faith pursuant to 11 U.S.C. § 363(m).

8. The sale of the Property is being made free and clear of any interest in the Property held by an entity other than the estate pursuant to 11 U.S.C. § 363(f) because either: (1) applicable non-bankruptcy law permits the sale of the Property free and clear of such interests; (2) such entity consents to the sale; (3) such interest is a lien and the price at which the Property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceedings, to accept a money satisfaction of such interest.

C. **OBJECTION**

9. Any party that objects to the motion to sell must file a written objection with the Bankruptcy Court, at Northern District: P.O. Box 70, Wheeling, WV 26003, the United States Trustee, at 2025 United States Courthouse, 300 Virginia Street East, Charleston, WV 25301, and the Chapter 7 Trustee, 408 Lee Avenue, Clarksburg, WV 26301, within the notice period issued by the Bankruptcy Court Clerk. The written objection shall set out the specific grounds for objection. Unless the Court orders otherwise, or unless the Court sets a hearing on this Motion, that objection period is generally 23 days from the filing of this motion pursuant to Fed. R. Bankr. P. 2002(a)(2). The deadlines set forth in this Paragraph concerning objections to a proposed sale supercede those provided in Fed. R. Bankr.P. 6004(b).

D. **UPSET BID PROCEDURES**

10. Any party interested in purchasing the Property (an "Upset Bidder") should file a notice of an upset bid with the Bankruptcy Court and serve the United States Trustee and Chapter 7 Trustee with copies of such notice (at the addresses listed above) within the time set by the Bankruptcy Court Clerk. The Upset Bidder shall submit to the undersigned Trustee an offer, in writing, in an amount equal to the Alternative Minimum Bid (defined below), and submit information demonstrating the financial wherewithal of the Upset Bidder to consummate the proposed transaction. The Trustee, in the Trustee's discretion, will determine if the Upset Bidder has submitted a qualified bid based on the terms of the bid, and the Upset Bidder's financial ability

to consummate the proposed purchase at the Alternative Minimum Bid price. The deadlines set forth in this Paragraph concerning objections to a proposed sale by an Upset Bidder supercede those provided in Fed. R. Bankr.P. 6004(b).

11. The Alternative Minimum Bid is $15,500.00.

12. If a qualified Alternative Minimum Bid is timely received by the Trustee, then the Trustee shall conduct a private auction at a time, place, and manner that is determined by the Trustee. The Trustee will file notice of the auction time and place with the court. The Trustee will select the bid, or combination of bids, at the conclusion of the auction that the Trustee believes to be the highest or best value for the Property (the "Winning Bidder"). The Trustee reserves the right to select the best bid, even if not the highest bid. The Winning Bidder must complete and sign all agreements or other documents with the Trustee evidencing and containing the terms and conditions on which the winning bid was made before the auction is concluded.

13. If a bidder at the auction objects to the Trustee's selection of the Winning Bidder, then that bidder may submit a bid under protest at the auction and shall have standing to file an objection to sale to contest the Trustee's determination. The objection must be in writing and be filed with the Bankruptcy Court, United States Trustee and Chapter 7 Trustee (at the addresses listed above). If an objection to sale is filed, the Bankruptcy Court shall set the objection for hearing.

14. If for any reason the Winning Bidder fails to consummate the sale of the Property, the offeror of the second highest or best bid (subject to the same reservations) will automatically be deemed to have submitted the highest and best bid, and the Trustee is authorized to effect the sale of the Property to such offeror without further order from the bankruptcy court. If such failure to consummate the purchase of the Property is the fault of the Winning Bidder, the Winning Bidder's deposit, if any, shall be forfeited to the Trustee, and the Trustee specifically reserves the right to seek all available damages from the defaulting bidder.

15. The Trustee reserves the right to: (1) impose, at or prior to the Auction, additional terms and conditions on a sale of the Property; (2) extend the deadlines from those set forth herein, adjourn the auction at the auction; (3) withdraw the Property, or any part of the Property, from sale at any time prior to or during the auction, and to make subsequent attempts to market the same; and (4) reject all bids if, in the Trustee's reasonable judgment, no bid is for a fair and adequate price.

**D. RELIEF REQUESTED**

**WHEREFORE**, the Trustee requests:

A. That the Clerk's Office issue a notice to all interested parties of the filing of the

      Motion to Sell and the Notice of Auction and Bid Procedures pursuant to Fed. R. Bankr. P. 2002(a)(2), (c)(1), (k) and 6004(a).

B.     That the Court enter an Order, submitted by the Trustee, in the absence of any timely filed objection to the sale motion, which:

1. Authorizes the Trustee to sell the Property;

2. Approves the sale of the Property pursuant to 11 U.S.C. § 363(b), (f), (h), (m) and Fed. R. Bankr. P. 6004;

3. Declares that all liens against the Property attach to the proceeds of the sale;

4. Approves the payment of sale proceeds to: (1) the costs of sale; (2) the satisfaction of liens in the Property in order of priority; (3) the satisfaction of any co-owner's interest; (4) the satisfaction of the Debtor's exemptible interest in the property; and (5) the Trustee for payment to allowed claims filed in the Debtor's bankruptcy case.

5. Requiring the Chapter 7 Trustee to file a final report of sale with the Court in accordance with Fed. R. Bankr. P. 6004(f).

6. Granting such other relief that the court deems just and proper.

      Respectfully submitted,

      /s/ Thomas H. Fluharty
      Thomas H. Fluharty, Trustee
      WV Bar No.: 1231
      408 Lee Avenue
      Clarksburg, WV 26301
      (304) 624-7832

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above-referenced **MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS AND NOTICE OF UPSET BID PROCEDURES AND ORDER ON MOTION** was served on the parties that receive electronic notification in these proceedings. The Motion was also served on the parties listed below via U.S. Mail, postage prepaid, on        May 11, 2022        .


Keith Stotts
1222 Cisler Drive
Marietta, OH 45750-9450


Served electronically on:

Martin P. Sheehan, Esquire
sheehanbankruptcy@wvdsl.net
*Counsel for Debtor*


Office of the U.S. Trustee
ustpregion04.ct.ecf@usdoj.gov


                                                                          /s/ Thomas H. Fluharty
                                                                        Thomas H. Fluharty, Trustee