IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In Re:  Ohio Valley University                    Bk. No.: 22-00056

       Debtor

### ORDER GRANTING TRUSTEE'S MOTION TO SELL PROPERTY FREE AND CLEAR OF LIENS

This matter comes before the Court on Thomas H. Fluharty, Chapter 7 Trustee's Motion to Sell Property Free and Clear of Liens and Notice of Upset Bid Procedures.  The Notice of Sale has been served on all parties in interest.  The Court makes the following findings of fact and conclusions of law:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

3. Tusc Land, LLC, the purchaser, is a good faith purchaser pursuant to 11 U.S.C.§363(m).

4. The Trustee has reasonably exercised sound business judgment in deciding to sell and transfer the property as described in the Sale Motion.  The relief requested in the Sale Motion is in the best interests of the Debtor's estate, the Debtor's creditors, and other parties in interest.

5. The Sale was non-collusive, fair and reasonable, conducted in good faith and resulted in the Trustee obtaining the highest value for the Property.  The consideration to be paid by Purchaser to the Estate is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, and the District of Columbia.

6. A reasonable opportunity to object or be heard with respect to the Sale Motion and relief requested therein, and the rights of third parties to submit higher or otherwise better offers for the Property has been afforded to all parties in interest.

7. The Purchaser would not have agreed to the sale expressed in the Sale Motion and would not consummate the transactions contemplated thereby if the sale of the Property to the Purchaser was not free and clear of liens as set forth in the Sale Motion.

NOW, THEREFORE, it is hereby **ORDERED** that:

A. The Sale Motion is GRANTED.

B. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the Trustee's ability to sell and transfer the Property to the Purchaser in accordance with the terms of the Sale Motion and Order.

C. Pursuant to the provisions of 11 U.S.C. §§105 and 363, the Trustee is authorized, empowered and directed to implement and consummate all of the transactions contemplated by the Sale Motion to Purchaser for the purchase price set forth in the Sale Motion.

D. Pursuant to 11 U.S.C. §363(f) and this Court's general equitable powers under 11 U.S.C.§105(a), upon the Closing of the Sale, Purchaser will take title to and possession of the Property. The transfer of the Property will be free and clear of any and all liens, claims, liabilities, interests and encumbrances whatsoever, whether contingent, unliquidated, unmatured or otherwise, and whether of or against the Debtor, the Purchaser, or the Property. All such liens, claims liabilities, interests and encumbrances will attach solely to the proceeds of the Sale with the same validity and priority as they attached to the applicable Property.

E. The Trustee has established sound business justifications in support of the Sale. After considering the circumstances of this case, the Court determines that the Purchase Price presents the

best opportunity for the Estate to realize the highest distribution possible to all creditors. The Purchase Price, as approved herein, is the highest and best offer for the Property. The Purchase Price constitutes full and adequate consideration and reasonably equivalent value for the Property. The transfer of the Property on the Closing to Purchaser for the Purchase Price is in the best interest of the Debtor's estate, the Debtor's creditors and all parties in interest.

F. The transaction contemplated in the Sale Motion, as approved and implemented herein, are in compliance with and satisfy all applicable provisions, including but not limited to 11 U.S.C. §§363(b), (f) and (m). The terms and conditions of the sale of the Property are fair and reasonable.

G. Purchaser is a third party purchaser unrelated to the Debtor, and the terms of Purchaser's purchase of the Property as set forth are fair and reasonable under the circumstances of this case.

H. The transfer of the Property to Purchaser represents an arms' length transaction and has been negotiated in good faith between the parties. Purchaser, as transferee of Property, is a good faith purchaser within the meaning of 11 U.S.C. §363(m). Purchaser has proceeded in good faith in all respect in connection with this proceeding.

In the absence of a stay of this Sale Order, if Purchaser elects to close under the Sale Motion at any time after entry of this Sale Order, then, the Purchaser will be entitled to the protections of §363(m) if this Sale Order or an authorization contained herein is reversed or modified on appeal.

I. At the Closing the Trustee will sell, transfer, assign and convey to the Purchaser all of the Debtor's rights, title and interest in, to and under the Property. The Trustee is authorized, empowered and hereby directed to deliver deeds, assignments and other such documentation that may be necessary or requested by the Purchaser in accordance with the terms of the Sale Motion to evidence the transfers required herein.

J.  The Trustee is hereby authorized to execute the Deeds, and any other related documents that are reasonably necessary or appropriated to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

K.  The Purchaser will pay all unpaid property taxes, transfer taxes and recording fees. The Trustee will provide a separate deed for each county. The Trustee will prorate the purchase price equally between each county.

L.  Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order will be effective immediately upon entry.

It is so, **ORDERED**.

Submitted by:

  /s/ Thomas H. Fluharty
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(302) 624-7832