UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF WEST VIRGINIA

In re:                                         )
                                               ) Chapter 7
   Ohio Valley University, Inc.,               )
                                               ) Case No. 5:22-bk-00056
             Debtor.                           )
                                               )
                                               )

**OBJECTION TO MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER TO APPROVE THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**
[Related to Doc. No. 34]

**TO THE HONORABLE U.S. BANKRUPTCY JUDGE:**

UMB Bank, N.A., in its capacity as successor master trustee (the "Master Trustee") under that certain Master Trust Indenture dated as of August 31, 2007 (the "Master Indenture") files this Objection to the Motion of Chapter 7 Trustee for an Order To Approve the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests and Encumbrances (the "Objection") and respectfully states as follows:

1. On June 1, 2022, Thomas H. Fluharty, Chapter 7 Trustee (the "Trustee"), filed the Motion of Chapter 7 Trustee for an Order To Approve the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests and Encumbrances (the "Sale Motion") (Doc. No. 34), seeking an order authorizing the sale of certain property of the estate consisting of, among other things, real property described coal interests in the following counties: Barbour; Boone; Braxton; Brooke; Cabell, Calhoun; Fayette; Gilmer; Greenbrier; Harrison; Jackson; Kanawha; Lewis; Logan; Marion; Mason; McDowell; Mercer; Mineral; Mingo; Monongalia; Nicholas; Ohio; Pleasants; Preston; Putnam; Raleigh; Randolph; Roane; Taylor; Upshur; Wayne; Webster; Wetzel; Wirt; and Wyoming (as more specifically described in the Sale Motion, the "Property").

2. Pursuant to the Sale Motion, the Trustee requests that the Court authorize "payment of the sale proceeds to: (i) the costs of the sale; (ii) the satisfaction of liens in the Property; (3) the satisfaction of any co-owner's interest; (4) the satisfaction of the Debtor's exemptible interest in the Property; and (5) the trustee for payment to allowed claims filed in the Debtor's bankruptcy case." (*See* Motion, ¶ D.B.4.)

## MASTER TRUSTEE'S CLAIM ON BEHALF OF THE SERIES A BONDHOLDERS

3. On June 1, 2022, the Master Trustee filed its Proof of Claim (Claim 31-1), asserting a claim in the amount of $16,096,235.69 (as amended, the "Master Trustee's Claim"), as of February 17, 2022 (the "Petition Date").

4. As described in the Master Trustee's Claim, the portion of the Master Trustee's Claim attributable to holders of the Series A Bonds as of the Petition Date is $3,829,743.94 (the "Series A Claim").

5. The Series A Claim remains outstanding.

## THE ASSIGNMENT AGREEMENT

6. On or around June 7, 2021, debtor Ohio Valley University, Inc. ("OVU" or the "Debtor") and the Master Trustee[1] entered into an Assignment of Payment Rights Agreement (the "Assignment Agreement"), wherein the Debtor agreed to and did "convey, assign, transfer, and deliver to the Master Trustee on behalf of the holders of the Series 2007 A Bonds, all of [OVU's] right, title and interest in and to the Payment Rights, until such time as the 2007 Series A Bonds are paid in full." A true and correct copy of the Assignment Agreement is attached as **Exhibit 1**.

7. The Assignment Agreement defines the term "Payment Rights" as OVU's right to "receive proceeds from the sale of some or all of its interest in the New Coal Property Rights … including from the lease or purchase of underlying minerals related to the New Coal Property Rights." (Assignment Agreement, p. 1.)

8. The term "New Coal Property Rights" is defined as "certain coal reserve rights on multiple properties located in West Virginia" further described in Exhibit A to the Assignment Agreement. (*Id.*)

9. Upon information and belief, the New Coal Property Rights described in the Assignment Agreement are the same property as the Property described in the Trustee's Sale Motion.

10. The Assignment Agreement further provides that the Debtor is required to "notify any purchaser … of some or all of the New Coal Property Rights … of this Assignment [Agreement] and arrange for such purchaser … to make any payment related to the New Coal Property Rights … directly to the Master Trustee." (Assignment Agreement, ¶ 3.)

11. Pursuant to the Assignment Agreement, OVU agreed that "[i]n the event OVU receives any proceeds that constitute Payment Rights, such payment or distribution shall not be commingled with any asset of OVU but shall be held in trust by [] OVU for the benefit of the Master Trustee and shall be promptly paid over to the Master Trustee." (Assignment

---

[1] At the time of the Assignment Agreement and the Security Agreement, United Bank was the Master Trustee under the Master Indenture.

Agreement, ¶ 4.)

## SECURITY AGREEMENT

12. Debtor's obligation to the Master Trustee on behalf of the Series A Holders is further secured by a Security Agreement dated June 7, 2021, entered into by and between OVU and the Master Trustee (the "Security Agreement"), wherein OVU granted the Master Trustee "a security interest in the Collateral … to secure the payment and performance of the Obligations." A true and correct copy of the Security Agreement is attached as **Exhibit 2**.

13. The Security Agreement defines the term "Collateral" as:

> all now owned and hereafter acquired and wherever located personal property of Debtor identified as Coal Inventory from any location in which Debtor has an interest, General Intangibles and Supporting Obligations to the extent not listed … as original collateral, all proceeds (cash and non-cash) and products of the foregoing, including accounts receivable (the "Proceeds").

(Security Agreement, § 1.1.)

14. The Security Agreement defines the term "Obligations" as the "Series 2007 A Bond Obligations". (Security Agreement, § 1.2.)

15. The Master Trustee's security interest in the Collateral pursuant to the Security Agreement is perfected by a UCC Financing Statement duly filed with the West Virginia Secretary of State on June 17, 2021 as Document Number 2021E061700072 (the "UCC"). A true and correct copy of the UCC is attached as **Exhibit 3**.

## OBJECTION

16. The Master Trustee hereby OBJECTS to the Trustee's Sale Motion because it fails to recognize the Master Trustee's right, pursuant to the Assignment Agreement, to receive any payments from the Trustee's proposed sale of the Property as described in the Sale Motion, and fails to recognize the Master Trustee's prior secured interest in the Property pursuant to the Security Agreement.

Respectfully submitted,

/s/ Shawn P. George
Shawn P. George, Esquire (WV State Bar # 1370)
Jennie O. Ferretti, Esquire (WV State Bar # 1189)
George & Lorensen, PLLC
1526 Kanawha Blvd., East
Charleston, WV 25311
PH: (304) 343-5555/Fax: (304) 342-2513
sgeorge@gandllaw.com
jferretti@gandllaw.com

and

Charles E. Nelson (*pro hac vice forthcoming*)
nelsonc@ballardspahr.com
Ballard Spahr LLP
2000 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2119
Telephone: 612.371.3211
Facsimile: 612.371.3207

**COUNSEL FOR MASTER TRUSTEE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF WEST VIRGINIA

In re:                                                              ) Case No. 5:22-bk-00056
                                                                    )
Ohio Valley University, Inc.,                                       )
                                                                    )
                    Debtor.                                         )
                                                                    )

## CERTIFICATE OF SERVICE

I Shawn P. George do hereby certify that on June 24, 2022, I served the UMB Bank, N.A.'s Objection to Motion Of Chapter 7 Trustee For An Order To Approve The Sale Of Certain Assets of The Debtor's Estate Free and Clear of Liens, Claims, Interests and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief upon counsel of record using the Court's CM/ECF system, which will serve/send notification of such filing to all CM/ECF counsel of record.


/s/ Shawn P. George
Shawn P. George, Esquire (WV State Bar # 1370)
Jennie O. Ferretti, Esquire (WV State Bar # 1189)
George & Lorensen, PLLC
1526 Kanawha Blvd., East
Charleston, WV 25311
PH: (304) 343-5555/Fax: (304) 342-2513
sgeorge@gandllaw.com
jferretti@gandllaw.com

and

Charles E. Nelson
nelsonc@ballardspahr.com
**BALLARD SPAHR LLP**
2000 IDS Center
80 S. 8th Street
Minneapolis, MN 55402
T: 612.371.3211
F: 612.371.3207
nelsonc@ballardspahr.com