IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In Re:  Ohio Valley University  Bk. No.: 22-00056

      Debtor

## MOTION TO COMPROMISE ESTATE'S INTEREST

The Trustee moves the Court to enter an Order authorizing the Trustee to compromise its interest in certain assets and in support thereof states as follows:

1. The debtor filed its voluntary chapter 7 bankruptcy on February 17, 2022.

2. The Court has jurisdiction over this matter and venue is properly before this Court.  This is a core matter.

3. The debtor, in connection with its schedules listed and disclosed a variety of interest in coal in various counties in West Virginia.

4. On June 1, 2022 (Doc. No. 34), the Trustee filed a Motion to Sell Coal Interests (the "Motion") subject to upset bidding.  An upset bid was received by the Trustee on June 13, 2022.

5. On June 24, 2022, UMB Bank, N.A. in its capacity as successor Master Trustee under that certain Master Trust Indenture dated as of August 31, 2007, filed an objection to the Trustee's Motion to sell coal interests asserting that the Master Trustee, on the behalf of holders of the Series 2007 A Bonds pursuant to the Trust Indenture, had a perfected security interest in the proceeds from the sale described in the Motion..

6. By Order entered herein on June 29, 2022 the Court directed the Trustee to file a response and scheduled a hearing herein on July 28, 2022.  The Trustee filed a response on July 13, 2022.  A telephonic hearing was conducted herein on July 28, 2022, at which time the Court took the matter under advisement and requested additional briefing with the Mast Trustee to file a written

response by August 12, 2022 and the Trustee to file a response by August 29, 2022.

7. Thereafter, the Trustee and the Master Trustee, on behalf of the holders of the Series A Bonds, agreed, subject to bankruptcy court approval, that the Trustee and the Master Trustee would share equally the net proceeds from the sale of coal interests as described in the Trustee's Motion. By way of example if the Trustee sells the coal interests subject to his Motion, for $30,000.00, the Trustee will deduct, if applicable, appropriate transfer and/or unpaid ad valorem taxes that will be prorated to the date of closing, with one-half of the remaining funds paid to the Master Trustee[1], and one half retained by the Trustee.

8. In my business judgment, the proposed resolution is fair and reasonable and in the best interest of the estate and should be approved by the Court. In reaching this decision, I have considered the probabilities of success, questions of collectability, the complexity, expense, inconvenience and delay of continued litigation, as well as the paramount interests of creditors.

9. Bankruptcy Rule 9019 provides for the authority to settle a matter with the approval of the Court, after notice and hearing. *See* Fed. R. Bankr. P. 9019, *See also In re Alpha Nat. Res. Inc.,* 544 B.R. 848, 856-57 (Bankr. E.D. Va. 2016) (discussing the applicable authority in the Fourth Circuit for approving settlements and compromises).

10. Courts will only approve compromises and settlements that are fair and equitable. *See Protective Committee for Indep. Stockholders of TMT Trailer Ferry v. Anderson,* 390 U.S. 414, 424, 88 S. Ct. 1157, 20 L. Ed. 2d 1 (1968).

Four factors have been developed to help guide a court's analysis as to whether a settlement should be approved: (I) the probability of success in litigation; (ii) the potential difficulties in any

---

[1] As the Court is aware, ABTV Receivership Services, LLC, has been appointed as the special receiver (the "Receiver") in Case No. 22-C-21, in the Circuit Court of Wood County, West Virginia. The remaining funds will be paid to the Receiver on behalf of the Master Trustee to be administered pursuant to the order appointing the Receiver.

collection; (iii) the complexity of the litigation and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of the creditors. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997) *(citing In re Martin,* 91 F.3d 389, 393 (3d. Cir. 1996)); *see also In re Three Rivers Woods, Inc.*, No. 98-38685, 2001 Bankr. LEXIS 737, 2001 WL 720620 at *5-6 (Bankr. E.D. Va. Mar. 20, 2001). *In re D&R Distribs.,* 2016 Bankr. LEXIS 3319 (NDWV 2016).

The Court can approve a proposed settlement so long as it does not fall below the lowest point in the range of reasonableness. *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (*quoting In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983)).

In essence, a compromise or settlement will [most] likely gain approval if it is both fair and equitable, as well as representative of the best interests of the estate as a whole. *In re Three Rivers Woods Inc.*, 2001 Bankr. LEXIS 737, 2001 WL720620 at *6 (citations omitted).

A bankruptcy judge is not required to conduct a full evidentiary hearing or mini trial before approving a settlement. *Id.* (*Citing DePoister v. Mary M. Holloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994)). Furthermore, a full evidentiary hearing is not a pre requisite to approving a proposed settlement, particularly because such requirement would undermine the purpose of the settlement. *In re D&R Distribs.,* 2016 Bankr. LEXIS 3319 (NDWV 2016)

The Trustee brings the instant Motion after exercising his sound, business judgment in deciding to either abandon the coal interests or litigate the extent of the Master Trustee's perfected lien. The business judgment rule creates a presumption in favor of the fiduciary. *In re Woodberry*, 2021 Bankr. LEXIS 1242 (EDMichg-2021).

Upon due consideration of each of the factors, the Trustee believes that it is in the best interest of the creditors and the estate to approve the proposed resolution.

With respect to the first factor, the Trustee has reviewed the Master Trustee's documents and

believes an issue exists regarding the extent of the Master Trustee's perfected lien in the sale proceeds but there exists the possibility that the Court could rule in the Master Trustee's favor.

The second factor - relating to the difficulties in collections - is likely inapplicable to the Trustee's motion, since no funds have been transferred.

The third factor relates to the complexity of the litigation and the expense, inconvenience and delay necessarily attending it. Although only moderately complex, it is likely the cost of litigating the issue of the extent of the Master Trustee's perfected lien in the sale proceeds could equal or exceed any benefit.

Finally, approving the compromise is in the best interest of the creditors and the estate because it guarantees funds to the estate, enhances the ability to sell debtor assets and will expedite a distribution to creditors.

The Trustee respectfully requests that this Honorable Court approve the settlement proposed by the Trustee.

**WHEREFORE,** the Trustee moves the Court for authority to compromise the estate's interest and for such other and further relief as is just and proper.

Respectfully submitted:

  /s/ Thomas H. Fluharty
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(304) 624-7832

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing **MOTION TO COMPROMISE ESTATE'S INTEREST AND ORDER** was served upon the following individuals, at the addresses listed below, by placing a true and correct copy thereof in the United States mail, postage prepaid this ___12th___ day of ___August___, 2022.

Shawn P. George, Esquire
George & Lorensen, PLLC
1526 Kanawha Blvd, East
Charleston, WV 25311

Served electronically on:

Martin P. Sheehan, Esquire
Martin@MSheehanlaw.net
*Counsel for Debtor*

Office of the U.S. Trustee
ustpregion04.ct.ecf@usdoj.gov

    /s/ Thomas H. Fluharty
Thomas H. Fluharty, Trustee