

David L. Bissett
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In Re:  Ohio Valley University                               Bk. No.: 22-00056

    Debtor.

**ORDER GRANTING TRUSTEE'S MOTION TO SELL
PROPERTY FREE AND CLEAR OF LIENS TO
WVU AT PARKERSBURG FOUNDATION, INC.**

    This matter comes before the Court on Thomas H. Fluharty, Chapter 7 Trustee's Motion to Sell Property Free and Clear of Liens (the "Sale Motion").  The Notice of Sale has been served on all parties in interest.  The Court makes the following findings of fact and conclusions of law:

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

    2.    This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

    3.     WVU at Parkersburg Foundation, Inc., (the "Purchaser") is a good faith purchaser pursuant to 11 U.S.C. §363(m).

    4.    The sale will include the assets of the bankruptcy estate including real property commonly described as three (3) certain parcels of real property located on the campus of Ohio Valley University in Parkersburg, WV described as:

    Parcel No. 1, Lots Nos. 67 and 68, Section 1 of Lake Washington Heights Addition, District of Lubeck: Map 115, Parcels D16 and D17

    Parcel No. 2 in District of Parkersburg: Map 150, Parcel 1

Parcel No. 3 in District of Parkersburg: Map 150 Parcel D; all of Wood County, West Virginia (the "Property").

AND

All right, title and interest in and to the personal property (all tangible personal property owned by OVU and, as of the Closing Date, located on the Campus Real Property, including, without limitation, all furniture, fixtures, furnishings, machinery, equipment and other miscellaneous items) considered part of the bankruptcy estate (the "Personal Property") excluding:

A. all cash, cash equivalents and investment accounts of OVU;

B. all accounts receivable and other receivables of OVU, and all claims, rights, interests and proceeds related thereto;

C. any retainers or deposits held by the Receiver and/or the Trustee;

D. all proceeds of assets of the bankruptcy estate liquidated by the Trustee, including without limitation, motor vehicles, mineral leases and royalties from oil and gas leases;

E. all property transferred to the Ohio Valley University Windup Trust prior to OVU filing bankruptcy;

F. all student records, including all existing transcripts of former students of OVU and Northeastern Christian Junior College that were abandoned as Receivership Property (as defined in the *Agreed Order Granting Motion for Appointment of Receiver* entered on March 8, 2022 by the State Court (the "Receivership Order")) and transferred to the Ohio Valley University Windup Trust pursuant to the *Order Granting Motion for Approval to Abandon and Transfer Student Records* entered on November 7, 2022 by the State Court;

G. all Receivership Property (as defined in the Receivership Order) other than the

2

Purchased Assets (as defined in the Asset Purchase Agreement);

  H. all intellectual property of OVU, including but not limited to trademarks, service marks, patents, copyrights, trade names, and web sites, domain names, whether registered or unregistered;

  I. all social media accounts owned or controlled by OVU and related rights;

  J. all rights of Receiver and Trustee under the Asset Purchase Agreement, and all cash payable or deliverable to Receiver, Trustee and Escrow Agent (as defined in the Asset Purchase Agreement) pursuant to the terms and provisions thereof;

  K. all books and records of OVU including, without limitation, tax returns, personnel records, financial statements, corporate books and records, minute book, and other books and records relating to OVU;

  L. all claims, actions, causes of action, suits, liabilities, obligations, demands, grievances, debts, sums of money, agreements, promises, damages, rights to reimbursement, rights to contribution, rights to indemnification, costs, expenses, attorneys' fees, injunctive relief, disgorgement, restitution, and all other rights and remedies of any type, whether known or unknown, whether in law or in equity, and whether based upon any federal, state, or local law, statute, ordinance, or regulation, or upon any contract, common law source, or any other source, against third parties;

  M. and any documents or other materials which are subject to attorney-client or other privilege.

  5. The Trustee has reasonably exercised sound business judgment in deciding to sell and transfer the Real Property and Personal Property (collectively the "Property") as described in the Sale Motion. The relief requested in the Sale Motion is in the best interest of the Debtor's estate,

3

the Debtor's creditors, and other parties in interest.

6. The Sale was non-collusive, fair and reasonable, conducted in good faith and resulted in the Trustee obtaining the highest value for the Property. The consideration to be paid by Purchaser to the Estate is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, and the District of Columbia.

7. The Purchaser would not have agreed to the sale expressed in the Sale Motion and would not consummate the transactions contemplated thereby if the sale of the Property to the Purchaser was not free and clear of liens as set forth in the Sale Motion.

NOW, THEREFORE, it is hereby **ORDERED** that:

A. The Sale Motion is GRANTED.

B. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the Trustee's ability to sell and transfer the Property to the Purchaser in accordance with the terms of the Sale Motion and Order.

C. Pursuant to the provisions of 11 U.S.C. §§105 and 363, the Trustee is authorized, empowered and directed to implement and consummate all of the transactions contemplated by the Sale Motion to Purchaser for the purchase price set forth in the Sale Motion.

D. Pursuant to 11 U.S.C. §363(f) and this Court's general equitable powers under 11 U.S.C.§105(a), upon the Closing of the Sale, Purchaser will take title to and possession of the Property. The transfer of the Property will be free and clear of any and all liens, claims, liabilities, interests and encumbrances whatsoever, whether contingent, unliquidated, unmatured or otherwise, including all liens identified on Schedule 1 attached hereto, and whether of or against the Debtor,

4

the Purchaser, or the Property. All such liens, claims liabilities, interests and encumbrances will attach solely to the proceeds of the Sale with the same validity and priority as they attached to the applicable Property.

  E. The Trustee has established sound business justifications in support of the Sale. After considering the circumstances of this case, the Court determines that the Purchase Price presents the best opportunity for the Estate to realize the highest distribution possible to all creditors. The Purchase Price, as approved herein, is the highest and best offer for the Property. The Purchase Price constitutes full and adequate consideration and reasonably equivalent value for the Property. The transfer of the Property on the Closing to Purchaser for the Purchase Price is in the best interest of the Debtor's estate, the Debtor's creditors and all parties in interest.

  F. The transaction contemplated in the Sale Motion, as approved and implemented herein, are in compliance with and satisfy all applicable provisions, including but not limited to 11 U.S.C. §§363(b), (f) and (m). The terms and conditions of the sale of the Property are fair and reasonable.

  G. Purchaser is a third party purchaser unrelated to the Debtor, and the terms of Purchaser's purchase of the Property as set forth are fair and reasonable under the circumstances of this case.

  H. The transfer of the Property to Purchaser represents an arms' length transaction and has been negotiated in good faith between the parties. Purchaser, as transferee of the Property, is a good faith purchaser within the meaning of 11 U.S.C. §363(m). Purchaser has proceeded in good faith in all respect in connection with this proceeding.

  In the absence of a stay of this Order, if Purchaser elects to close under the Sale Motion at any time after entry of this Order, then, the Purchaser will be entitled to the protections of §363(m)

5

if this Order or an authorization contained herein is reversed or modified on appeal.

  I. At the Closing the Trustee will sell, transfer, assign and convey to the Purchaser all of the Debtor's rights, title and interest in, to and under the Property. The Trustee is authorized, empowered and hereby directed to deliver deeds, assignments and other such documentation that may be necessary or requested by the Purchaser in accordance with the terms of the Sale Motion to evidence the transfers required herein. The Trustee is authorized to consent to the entry of the order entered by the State Court approving and authorizing the Receiver to enter into the transaction described by the Asset Purchase Agreement.

  J. The Trustee is hereby authorized to execute the Deed, and any other related documents that are reasonably necessary or appropriated to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

  K. Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Order will be effective immediately upon entry.

  It is so, **ORDERED**.

Submitted by:

 /s/ Thomas H. Fluharty
Thomas H. Fluharty, Trustee
WV Bar No.: 1231
408 Lee Avenue
Clarksburg, WV 26301
(302) 624-7832

## Schedule 1

1. UCC Financing Statement from Ohio Valley College, Inc., as Debtor, to United National Bank, as Trustee, as Secured Party, filed with the West Virginia Secretary of State on November 21, 1997, Filing No. 0483088.

2. UCC Financing Statement from Ohio Valley College, Inc., as Debtor, to United National Bank, as Secured Party, filed with the West Virginia Secretary of State on September 28, 2001, Filing No. 0568735; UCC Financing Statement Amendment filed with the West Virginia Secretary of State on September 8, 2006.

3. UCC Financing Statement from Ohio Valley University, Inc., as Debtor, to United Bank, Inc., as Secured Party, filed with the West Virginia Secretary of State on September 4, 2007, Filing No. 200700089186; UCC Financing Statement Amendment changing Secured Party to UMB Bank, NA, as successor Master Trustee filed with the West Virginia Secretary of State on September 6, 2022, Filing No. 200700089186.

4. UCC Financing Statement from Ohio Valley University, Inc., as Debtor, to United Bank, Inc., as Secured Party, filed with the West Virginia Secretary of State on January 25, 2016, Filing No. 2016E012500002.

5. UCC Financing Statement from Ohio Valley University, Inc., as Debtor, to Regents Capital Corporation., as Secured Party, filed with the West Virginia Secretary of State on November 8, 2016, Filing No. 2016E110800023; UCC Financing Statement Amendment assigning to Susquehanna Commercial Finance, Inc., as Secured Party, filed with the West Virginia Secretary of State on November 14, 2016, Filing No. 2016E110800023.

6. UCC Financing Statement from Ohio Valley University, Inc., as Debtor, to Regents Capital Corporation., as Secured Party, filed with the West Virginia Secretary of State on July 31, 2017, Filing No. 2017E073100046; UCC Financing Statement Amendment assigning to BB&T Commercial Equipment Capital Corp., as Secured Party, filed with the West Virginia Secretary of State on October 4, 2017, Filing No. 2017E073100046.

7. UCC Financing Statement from Ohio Valley University, Inc., as Debtor, to VAR Resources LLC, as Secured Party, filed with the West Virginia Secretary of State on May 18, 2018, Filing No. 2018E051800090.

8. UCC Financing Statement from Ohio Valley University, Inc., as Debtor, to United Bank, Inc., as Secured Party, filed with the West Virginia Secretary of State on June 13, 2019, Filing No. 2019E061300021.

9. Judgment Lien in favor of Aladdin Food Management Services, LLC, vs. Ohio Valley University, Inc., dated October 13, 2020, filed October 27, 2020, in the original amount of $1,212,774.27, plus interest and costs, as filed in Lien Book 2141, Page 805, Records of the Clerk of the County Commission of Wood County, West Virginia.

10. Judgment Lien in favor of Work Force West Virginia vs. Ohio Valley University, Inc., d/b/a Ohio Valley College and Ohio University, dated May 27, 2022, filed May 31, 2022, in the original amount of $920.01, plus interest and costs, as filed in Lien Book 2244, Page 225, Records of the Clerk of the County Commission of Wood County, West Virginia.